LAMAR B. KEITH v. URI S. KEITH.—URI S. KEITH v. PARTHENIA J. KEITH.

1. AGENT'S NEGLECT; *Finding and Decree against Principal, Valid.* Where the wife was a defendant in an action brought by one U. for the partition of certain real estate, and was personally served with a summons, but trusted her interests to her husband, then engaged in the practice of the law, and the husband neglected to protect such interests, and without her authority or knowledge employed attorneys to file an answer in her name disclaiming any interest in the real estate in controversy, and upon the pleadings in the case a trial was had, and the property decreed to be held in partnership by the said U. and the husband, *held,* that the finding and the decree of the court are valid and binding against the wife, until reversed, or otherwise vacated. Under such circumstances it was the duty of the wife to make her own defense in the action, and if she trusted the defense to her husband and he neglected to protect her interests, the result was her misfortune, for which the plaintiff is not responsible.

2. TAX CLAIM, *When Operating as a Redemption.* Where one K. lived with his father and mother upon an improved farm in a common family, and the family divided the full benefits thereof, and appropriated the same to their joint common use from April, 1872, to January, 1877, and from January, 1877, thereafter the said K. and his mother lived together on the farm and divided all the benefits and appropriated them to their common use, and the owner of the premises was denied possession, and the rents and profits therefrom, *held,* that as the rents and profits were equal in amount to the taxes levied, that K. occupied such a relation as precluded him from purchasing, on April 25th, 1377, a tax

title upon the premises; and *held further,* that the purchase by him of the tax claim on that date gave him no estate in the premises, and operated as a redemption only of the premises from the taxes.

3. LIMITATION OF ACTION FOR RECOVERY OF LAND, *Nature of.* The legislature of the state has the power to extend the statute of limitations in actions for the recovery of real property held under tax deeds for lands sold for taxes, when the statute of limitation existing at the date of the sale of the land has not fully run before the modification or change of such limitation. The statute of limitation for the recovery of land by the owner thereof, does not constitute a contract between the state and the tax purchaser of such a character that a longer time cannot after the tax sale be adopted. Legislation in that direction affects the remedy only, and does not impair the obligation of the contract.

4. LIMITATION OF ACTION, *Extension of.* Under the statute of 1868, any suit or proceeding against a tax purchaser for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of land sold for taxes, except in cases where the taxes have been paid, or the land redeemed as provided by law, was required to be commenced within two years from the time of recording the tax deed. Under a tax sale had while such statute was in force, a tax deed was executed May 15, 1876, and duly recorded May 27th of the same year; on March 11, 1876, a new statute was adopted, and the limitation extended to five years. *Held,* That the statute of 1868 was fully repealed by the statute of March 11, 1876, and that the statute of limitation applicable to the tax deed was the one prescribed by the act of 1876.

5. CHARACTER OF ACTION, *Changed by Amended Pleadings; Another Trial under § 599 of Code.* One U. originally commenced an action against L. for the recovery of certain real property. Afterward, with consent of the court and parties, he filed an amended and supplemental petition against L., P., and two other defendants; such amended and supplemental petition covered twenty-eight pages of manuscript, and was substantially a petition in equity to determine the conflicting claims to the realty, and to quiet title to the land. It alleged that U. was the legal and equitable owner of the land, and stated the adverse claims made by the several defendants thereto, specially anticipating by the allegations in such petition their several defenses, and setting forth the facts why such defenses ought not to prevail. Thereafter, L. filed an answer denying that U. was either the legal or equitable owner of any portion of the property; that in 1865, U. with two other parties were partners, and that the said land was then bought and since owned by them as partnership property; that the partnership had never been dissolved, and said defendant had furnished money to said firm in large sums for improving said partnership property; and further alleging, that he was the legal and equitable owner under a tax deed executed

May 15, 1875, to the firm of Messrs. B., M. & Co., and by a conveyance from them to him of the date of April 25, 1877. A trial was had to the court without the intervention of a jury, and a judgment entered that U. and P. were the equitable owners of undivided, equal moieties of the farm; that L. had no interest therein; that the land was incapable of partition; that an order of sale issue and the land be sold and the proceeds divided between U. and P.; and L. was forever barred and enjoined from setting up any right, title or estate to any part of the premises. *Held,* That by the amended and supplemental petition, and the answers filed thereto, the action had lost its character as one merely for the recovery of real property, and that L. was not entitled as a matter of right to another or second trial under the terms of § 599 of the code.

## *Error from Brown District Court.*

Two ACTIONS, which were heard and considered together in this court. All necessary facts, pleadings, and proceedings therein, are stated in the opinion. At the May Term, 1880, of the district court, *Uri S. Keith,* as plaintiff, recovered a certain judgment against defendant, *Lamar B. Keith,* who brings the case here. The said plaintiff brings the other case to this court, and asks that upon the findings of fact, the decree of the court below should be so corrected as to confirm to him the entire property in litigation.

*Everest & Waggener, A. F. Martin,* and *W. D. Webb,* for Lamar B. Keith and Parthenia J. Keith.

*W. W. Guthrie,* and *C. W. Johnson,* for Uri S. Keith.

The opinion of the court was delivered by

HORTON, C. J.: On February 2, 1872, Uri S. Keith commenced an action in the district court of Brown county against Parthenia J. Keith, for a partition of the southeast quarter of section 15, in township 1, of range 18, in that county. The petition alleged that the plaintiff and defendant were seized in fee in equal and undivided moieties as tenants-in-common of the real estate. Personal service of the summons was made upon the defendant, Parthenia J. Keith, on the 9th day of February, 1872. On March 2, 1872, an answer was filed to the petition, alleging that on September 20, 1865, the

premises were purchased by F. M. Keith, sr., and his son Uri S. Keith, under an agreement to occupy and improve the land as a farm, to be operated and owned by F. M. Keith, sr., Uri S. Keith, and F. M. Keith, jr., in partnership. Defendant disclaimed any interest in the property, and alleged that she merely held the legal title in trust for F. M. Keith, sr., and subject to all of his rights and equities. The answer further asked that F. M. Keith, sr., might be made a party defendant; that an accounting might be had, and the real estate held to be a part of the assets of the partnership. Plaintiff filed a reply to this answer on July 15, 1872; and on August 29, 1872, F. M. Keith, sr., filed his answer consisting of a general denial, and the adoption by him of the answer of Parthenia J. Keith, his wife. At the October term of the court for 1872, a trial was had to the court before a jury; the jury made answers to the following questions of fact:

"1. Was the land of which partition is here demanded, partnership property? A. Yes.

"2. If such property is partnership property, when did it become so? A. About when the land was purchased.

"3. Was the contract of partnership in the ownership of the land (if any there was) evidenced by any memorandum in writing? A. No.

"4. Was the land purchased with partnership funds? A. Yes."

Afterward, plaintiff Uri S. Keith filed his motion to vacate the findings and verdict, and for a new trial, which was overruled by the court. Thereupon the court rendered a judgment that the real estate was held as partnership property by Uri S. Keith and F. M. Keith, sr., as copartners; and it was ordered by the court that A. G. Otis, Esq., be appointed the referee to take an account between Uri S. Keith and F. M. Keith, sr., as partners in relation to their partnership in said land, and in relation to all their partnership matters connected therewith. No other proceedings were had, as we read the record in said action, until the September term, 1877, when a motion was made to appoint another referee. On February 12, 1878, Uri S. Keith filed his petition in the

nature of ejectment against Lamar B. Keith, to recover the possession of the identical land described in the petition filed February 2, 1872. Lamar B. Keith filed an answer thereto on the 14th of March, 1878. Uri S. Keith filed his reply thereto. At the May Term, 1878, a motion was filed in the original case of U. S. Keith v. Parthenia J. Keith and F. M. Keith, sr., as a substitute for the motion filed September 28, 1877, asking that the reference to A. G. Otis, Esq., be set aside, and that some other person be appointed as referee to take and state the account according to the order of the court before entered. At said term of court the following stipulation was filed in the cases:

(*Court, and Title.*) "These cases are to be continued over September term, 1878, with such proper order as to amending pleadings as may be allowed by the court upon application by either party, with notice of such amendment, including the making of necessary additional parties.

W. W. GUTHRIE, *for Plaintiff.*

EVEREST & WAGGENER, *Atty's for Defendant.*"

Thereafter, Uri S. Keith filed an amended and supplemental petition, making Lamar B. Keith, Parthenia J. Keith, F. M. Keith, jr., and F. M. Keith, sr., defendants. This petition covered twenty-eight pages of manuscript, and was substantially a bill in equity to determine the conflicting interests claimed in said real estate. It alleged that the plaintiff was the legal and equitable owner of the land, and set up the adverse claims made by the several defendants, specially anticipating therein their several defenses, and setting forth the facts why said defenses were not valid; concluding with a prayer that the plaintiff be adjudged to be the owner of the real estate, and entitled to immediate possession thereof; that the claims of title and right of possession by defendants under and by virtue of a certain tax deed and the conveyance described in the petition, be decreed null and void; and that plaintiff have judgment for the value of the rents and profits in excess of the taxes paid during the possession of the defendants. To this petition, F. M. Keith, sr., Parthenia J. Keith, F. M. Keith, jr., and Lamar B. Keith filed separate

answers. U. S. Keith filed a reply to the answers of Parthenia J. Keith, Lamar B. Keith, and F. M. Keith, jr. At an adjourned term of the September term of court of 1879, the court, after a trial upon the issues involved, found the following conclusions of fact and law:

1. That the plaintiff obtained full title to said land by deed from W. D. Beeler, September 30, 1865, and by due conveyances thereafter from the plaintiff by proper chain of conveyances, the undivided half thereof became vested in defendant Parthenia J. Keith by deed from R. M. Williams, on August 15, 1871, such deed and conveyances to her being founded on both a good and valuable consideration, and on account of the advancement by her to her husband theretofore of large sums of money, in all amounting to several thousand dollars, from her own separate estate, for the improvement of said premises.

2. That said land was improved by said parties in the interest of a common family relationship, except as to Lamar B. Keith, up to October, 1870, when he came to live on said place as a part of such family.

3. Said F. M. Keith, sr., and Parthenia J. Keith are husband and wife, and the other parties are their sons.

4. Said plaintiff married in September, 1866, and brought his wife to said place, and they lived there until April, 1872. In June, 1867, Parthenia J. Keith came out to Kansas, and lived with her husband on the said place until January, 1877, and during such first-named time the said father and son and their families lived as a common family.

5. On account of family differences, said plaintiff moved from the place in 1872, and for like reason said F. M. Keith, sr., left the place in January, 1877.

6. Whatever interest said F. M. Keith, jr., ever had in said place, he duly conveyed to his father by deed, and he duly conveyed to his wife by deed through the said R. M. Williams.

7. The plaintiff commenced suit to partition said land equally between himself and said Parthenia J. Keith as equal owners thereof in February, 1872. In such action summons was duly served on said Parthenia J. Keith as such defendant. At that time, said F. M. Keith, sr., was a practicing attorney, and he and his wife lived together in full relation of husband and wife on this place, and the said plaintiff with his wife lived with them in one common family. Said F. M. Keith,

sr., then employed J. J. Ingalls and Nathan Price, attorneys, to defend such action, and upon his advice they filed an answer in the name of Parthenia J. Keith as such defendant, setting up that said property was in fact partnership effects of said Uri S. Keith and F. M. Keith, sr., as partners; and disclaiming any interest therein in her own right, or other than in trust for her said husband, and setting up that on an accounting between said partners it would be found that said Uri S. Keith had overdrawn his interest in said partnership, and that the full title in and to said property should be decreed to said F. M. Keith, sr., and then prayed that he be made a defendant in said action; and thereon said F. M. Keith, sr., was made a defendant in said action, and adopted the answer so filed for said Parthenia J. Keith, and upon issue joined said case was tried at the October term, 1872, of said court, and it was then determined that said Uri S. Keith and F. M. Keith, sr., owned said land as partnership effects of a partnership composed of said two persons, and ordered thereon a reference of such action to take an account between said partners, and such action continued. And no such accounting was ever had, and such determination has since remained in that condition, so far as the records of this court show.

8. Before the commencement of this action said F. M. Keith, sr., and Uri S. Keith had a settlement of their affairs, and said F. M. Keith then duly conveyed and transferred to said Uri S. Keith all his said interest in and claim to said property.

9. Said Parthenia J. Keith did not attend such trial, never employed said attorneys, Ingalls and Price, and did not have any definite understanding of her relation to said action, but trusted her interests to her said husband, who neglected to protect the same, but without authority from her, and without her knowledge, caused said answer to be filed in his interest and adverse to hers. And his said action was in his interest and against the interest of his said wife.

10. All improving of said place, and expense of living thereon, on the part of all parties to this action, has been that of a common family interest, and no separate accounts were ever kept.

11. Said Uri S. Keith has derived no benefit from said place since April, 1872, but from that time up to January, 1877, said F. M. Keith, Parthenia J. Keith and Lamar B. Keith lived thereon in a common family, and divided the full

benefits therefrom, and appropriated the same to their joint common use.

12. Said land was subject to taxation for 1871, and on May 7, 1872, was bid in for such taxes by H. Graves, for Barnett, Morrill & Co., a partnership banking firm, and to which firm the deed, copied as exhibit "A" to answer of Lamar B. Keith, was executed May 15, 1875, on such sale, which was recorded in the office of the register of deeds of Brown county, Kansas, on the 27th day of May, 1875.

13. At the sale at which said land was sold there was a combination and understanding between the bidders that they should not bid against each other, and that they should bid in turn, and not otherwise; and this land was so bid in by Graves, for Barnett, Morrill & Co., under such understanding. And each of the three partners of said firm was in such arrangement, and with said Graves bid in his turn for said firm; such sale was for $3.05 more than the legal taxes and charges against said land. And such deed was made without due notice of expiration of redemption for such deed, in this, that the amount due at the expiration of redemption was published at the sum of $315.84, when the amount then due and for which the deed was given, was the sum of $358.69. Other irregularities and defects existed in said proceedings, but holding that the relationship of said Lamar B. Keith to said land, and in said family, did not allow him to acquire title to said land by tax deed at or during such time, it is not deemed necessary to more particularly specify the same.

14. Said Parthenia J. Keith and Lamar B. Keith have lived on said place as a common family and divided all benefits therefrom, and appropriated same to their joint common use, since January, 1877. Said Lamar B. Keith, on April 25, 1877, bought from Morrill & Janes, grantees and successors of said Barnett, Morrill & Co., for the sum of $619 which he paid to them for their tax-deed claim on said land, and they executed to him their quitclaim deed therefor, and said Lamar B. Keith paid the taxes on said land for the years 1877 and 1878, amounting to $82 at the time they respectively came due, and taxes for 1879 amounting to to about $50 are unpaid; and said Lamar B. Keith has made some improvements on said land. All such payments by said Lamar B. Keith and the amount necessary to pay such taxes of 1879, are and will be fully paid and satisfied by

3—26 KAS.

their said use of said land up to March 1, 1881, and said land is not capable of partition or division.

15. The notes of F. M. Keith, sr., held by Lamar B. Keith, and the notes of Uri S. Keith, held by him, and the notes of Uri, F. M. Keith, sr., or either of them, held by Lamar, or by F. M. Keith, jr., as well as all personal accounts between the parties, are excluded from the consideration of the court in this action, and the parties are allowed their remedies thereon as if they had not been in any manner set up in this case.

CONCLUSIONS OF LAW.

1. That said F. M. Keith, Jr., F. M. Keith, sr., and Lamar B. Keith have no title to, estate in, or lien on said property, and should be barred and enjoined from setting up or claiming any such title, estate, and lien.

2. That, charged with the payment of all taxes on said land for 1879, and one-half the costs of this action, that said Parthenia J. Keith is the owner of the undivided half of such land, and entitled to full possession of all said land to March 1, 1881, and exempt from any claim for use of all said land prior to March 1, 1881; and, charged with the other half of such costs, that Uri S. Keith is owner of the undivided half, and entitled to possession thereof after March 1, 1881.

3. That such property be sold and such charges be satisfied and balance of proceeds paid to said parties as thereto held entitled.

Uri S. Keith thereupon filed his motion for a judgment decreeing him to be the legal owner of all the premises, and that all the defendants be forever barred and enjoined from setting up any right, title or estate to any portion of the same. On May 28, 1880, Lamar B. Keith filed his motion to set aside the findings of fact and the conclusions of law, and asking for a new trial; and also filed a motion asking for judgment in his behalf on the findings of fact and conclusions of law; and also, on said day, filed the further motion for a second or another trial, under § 599 of the code. These several motions were overruled and denied by the court. Judgment was entered decreeing the plaintiff to be the equitable owner of the equal one-half interest in the

premises, and Parthenia J. Keith the equitable owner of the
other equal one-half interest, and directing that an order of
sale issue, and the proceeds of a sale of the land be equally
apportioned to the plaintiff, Uri S. Keith, and the defendant,
Parthenia J. Keith.   Lamar B. Keith, F. M. Keith, jr., and
F. M. Keith, sr., were enjoined and restrained from setting
up or claiming any title or interest or lien to the premises,
or any part thereof.   The plaintiff Uri S. Keith brings the
case to this court, asking upon the findings of fact that the
decree of the district court should be so corrected as to con-
firm to him the entire property in litigation.   The defendant
Lamar B. Keith brings the case to this court and demands
that the judgment below be reversed and a decree entered in
his favor for all the premises, and that he be authorized to
retain possession thereof; and if this be denied, that he be
adjudged "another," or second trial under the provisions of
the code relating to actions for the recovery of real property.

The trial court treated the decree and order in the action
of Uri S. Keith v. Parthenia J. Keith and F. M. Keith, sr.,
of the October term of the district court of Brown county
for 1872 as absolutely void; this upon the ground that Par-
thenia J. Keith did not attend the trial, nor employ the
attorneys Messrs. Ingalls and Price, who filed the answer,
but trusted her interests to her husband F. M. Keith, sr.,
who neglected to protect the interest of his wife, and without
authority from her, and without her knowledge, caused the
answer to be filed in his own interest.

We cannot concur with the learned trial judge upon all of
his conclusions of law under the facts found by him.   It ap-
pears that Parthenia J. Keith was personally
served with a summons in that action, and it was
her duty to protect her own interests.   If she
confided those interests to her husband and he
neglected to protect them, or deceived her as to the answer,
this was her misfortune, for which Uri S. Keith, the plaintiff
suing her, was not responsible.   If she relied on the repre-
sentations of her husband, or if she permitted her husband

1. Agent's neg-
lect; finding
and decree
against prin-
cipal, valid.

to act as her agent; if the husband misrepresented the condition of the suit to her, or was guilty of other bad faith toward her, this does not destroy the judgment, or render it in any way void.   Even if she had not answered in that action at all, after being personally served with a summons, she would be bound by the judgment.   Having intrusted her interests to her husband, she is equally bound by the force of that judgment, at least, until it is reversed or vacated.   Again, before the commencement of this action, and on or about the 23d of November, 1877, Uri S. Keith and F. M. Keith, sr., had a settlement of their affairs, and F. M. Keith, sr., then conveyed and transferred to Uri S. Keith all his interest and claim to the property in dispute.   There is no finding that at this time Uri S. Keith had any knowledge of the misconduct of F. M. Keith, sr., toward his wife in the defense of the action brought by him against her in February, 1872, nor is there any finding that Uri S. Keith, in said action or in the purchase of said interest, acted in collusion with F. M. Keith, sr., to defraud or wrong Parthenia J. Keith.   For all that appears in the findings, up to the purchase by Uri S. Keith of the interest of F. M. Keith, sr., adjudged to the latter by the decree of the district court of October, 1872, Uri S. Keith acted in the best faith, and upon the belief that the decree of the court of the October term of 1872, was binding and effective in all respects.   There is not any intimation that up to that time Uri S. Keith had any notice or any suspicion that the answer of Parthenia J. Keith, filed by the attorneys employed by her husband to represent her, was without her knowledge or consent, or that the proceedings therein had not been fully sanctioned and authorized by her. It is a well-established principle of law, that where an agent having authority to act, mismanages the interests of the principal, the principal is liable rather than a third person.   The doctrine is, where one of two innocent persons must suffer by reason of the fraud or misconduct of the third, he by whose act, omission or negligence such third party was enabled to consummate the fraud, ought to bear the loss.

Thus in the absence of any finding of fraud or collusion on the part of Uri S. Keith, the judgment rendered in the action begun February, 1872, must be held valid, and his purchase thereafter, of the interest and claim of F. M. Keith, sr., equally valid. By such judgment, Parthenia J. Keith had no further interest in the premises, and before such purchase she had not notified Uri S. Keith of the wrongs of her husband in the defense of that action, nor had she taken any steps whatever to set aside the decree rendered therein. The court below erred in treating the judgment and the purchase of Uri S. Keith of the interest of F. M. Keith, sr., as of no validity.

A claim is further made, that the real estate was the homestead of Mrs. Keith and could not be alienated without the joint consent of both husband and wife; therefore, that the sole conveyance of the husband to Uri S. Keith conveyed nothing. The answer of Mrs. Keith, and the findings of the jury, and the decree in the partition suit, speak of the property as personalty, not realty, and as to Mrs. Keith, the property must be deemed personalty; therefore she has no homestead interest therein. These conclusions wipe out the alleged estate of Parthenia J. Keith to the premises, and as to her, the court below committed error in holding otherwise. We have reached the decision of this part of the case with great reluctance. Not that we have had any doubts upon the legal principles involved, but for fear of possible injustice to the aged mother under the decree of the court, obtained through the misconduct of her husband; and we have with great care investigated the evidence to ascertain if there was any escape from the finding of service of summons upon her in the partition action. We find there is none. We therefore declare the law, regretting, however, that its consequences in this particular instance may fall with severity upon the wife. The hope is, that the son, who is successful in this court, will not further contest with the mother; at least, will not take from her all the old home, without making some provision for her future support, or at least giving her such com-

pensation as she would be justly entitled to, if her interests
had been affirmed as set forth by him in his petition filed in
1872.

We are called upon next to examine the claims made by
Lamar B. Keith. It is alleged in his behalf that the tax deed
executed May 15, 1875, to Barnett, Morrill & Co. vested in
them an absolute estate of all the premises, and that he ac-
quired by the conveyance from them an estate in fee. The
findings of fact, supported we think by sufficient
evidence, clearly show that the tax deed and the
title of Lamar B. Keith thereunder are invalid.
Counsel, however, contend that the deed is protected and be-
yond attack, by the terms of § 116, ch. 107, Gen. Stat. 1868.
This section reads:

> "Any suit or proceeding against the tax purchaser, his heirs
> or assigns, for the recovery of lands sold for taxes, or to defeat
> or avoid a sale or conveyance of lands for taxes, except in,
> cases where the taxes have been paid or the land redeemed
> as provided by law, shall be commenced within two years from
> the time of recording the tax deed of sale, and not there-
> after."

This was repealed, and on March 11, 1876, the following
section took its place:

> " Any suit or proceeding against the tax purchaser, his heirs
> or assigns, for the recovery of lands sold for taxes, or to de-
> feat or avoid a sale or conveyance of lands for taxes, except in
> cases where the taxes have been paid or the land redeemed as
> provided by law, shall be commenced within five years from
> the time of recording the tax deed, and not thereafter." (Laws
> of 1876, ch. 34, § 141.)

Sec. 157, ch. 34, Laws of 1876, further provides, that "the
limitation of actions for the recovery of lands sold for taxes,
prescribed by any statute which has been repealed, shall not be
affected by any such repeal, if the same period of limitation
is or has been continued or reënacted in the repealing statute."
The tax deed was recorded on May 27, 1875, and counsel
for Lamar B. Keith strenuously urge upon this court that
§ 116, ch. 107 of the Gen. Stat. of 1868, has not been repealed,
at least so as to affect this case. They say such repeal was

*2. Tax claim, when operating as a redemption.*

not accomplished, because the title given to ch. 34 of the Laws of 1876 gives no notice of any such attempt; second, because § 158 of said ch. 34 is in conflict with § 16 of art. 2 of the constitution, which provides that no bill shall contain more than one subject, which shall be clearly expressed in its title. Again, they say that said § 116 could not be repealed so as to affect the tax deed in controversy, because such repeal, would be in conflict with the provisions of the constitution of the United States, which prescribes that no state shall pass any law impairing the obligation of contracts. The argument is, that the state through its agent sells the property and receives a part of the money paid, and in the sale it contracts with the purchaser that the interest or estate which he buys may be taken from him within three years by the original owner of the property, upon the owner paying to him the amount of money that he pays, together with the statutory interest; that if not redeemed within the time limited by the statute, the purchaser is to have a deed, and two years after the deed is recorded, it is to become absolute, and not subject to defeat. There is not much force in the claim that the title of chap. 34 is insufficient. (*Bowman v. Cockrill*, 6 Kas. 311.) But the question whether the repeal of § 116 affects tax deeds recorded prior to such repeal, is more serious. As the statute of limitation was changed from two to five years, it is quite clear that the legislature intended, if it had the power, that the latter limitation should prevail, because it is specially provided in said § 157 that the limitation repealed should not be affected by such repeal, if the same period be continued or reënacted; and as a different period of time was reënacted, the repealed statute is without force after such repeal, if the legislation is not in conflict with the constitutional inhibition. Counsel have referred us to the *Western Jurist* of February, 1881, p. 49, and to various other authorities. The authorities cited, however, do not reach up to the point presented. They do show that no legislature can extend the time of redemption after the rights of the tax purchaser have attached, and that the statute as to the redemption in force

when the tax bid was accepted and the purchase-money paid, constitutes the law of the contract. Upon this basis a very plausible argument is made in the elaborate briefs, that the statute of limitation in force at the time of the sale constitutes also a part of the contract. We cannot assent to the proposition. All of the proceedings up to the execution of the tax deed may well be said to be within the contract of the purchaser, as the purchaser buys with a statutory promise that within a stated time a conveyance will be executed to him of the premises, if it be not redeemed. But in our opinion the bargain hardly goes so far as to include in the contract the statute of limitation then in force. Such a statute affects the remedy only, and is not such a contract as the constitution of the United States contemplates. The rights of parties in respect to contracts are liable to be affected in many ways by changes in the laws, but where such changes belong merely to the remedy, or to matters of evidence, such changes are not held by the decisions of the courts to impair the obligation of the contract. It is a general rule that the state has complete control over the remedies which it offers to suitors in its courts, and therefore we think the legislature, without the violation of any constitutional right, might repeal the statute of limitation of two years, and substitute a new one of five years. In brief, we do not think one legislature can tie the hands of a succeeding legislature, so as to forbid the enactment of a statute extending the statute of limitation in regard to tax deeds, any more than it can withdraw the power from a succeeding legislature to pass a general limitation law regulating the commencement of actions for the recovery of real property; and if one legislature can tie the hands of another in this matter, we do not think the act of 1868 was so intended. As the limitation in § 116 was changed from two to five years before the two-years statute had run against the tax deed, and as, in our opinion, the subsequent legislation of 1876 changing the statute of limitation may be regarded as a rule or regulation affecting the remedy only, and not as im-

*3. Limitation of action for recovery of land, nature of.*

*4. Limitation of action, extension of.*

pairing the contract itself, we decide that the statute of five years applies to the tax deed in suit, and therefore that it was subject to the objections found by the trial court. (*Long v. Wolf*, 25 Kas. 522.)

In regard to the claim for another or second trial under § 599 of the code, the amended petition and pleadings so changed the character of the original action, that § 599 was not applicable. Neither were the defendants, nor was the plaintiff, entitled as a matter of right to a jury, within the decisions of this court. The suit was so amended and altered from an action in the nature of ejectment, as to withdraw the case from an action for the recovery of real property only. (*Houston v. Comm'rs of Cloud Co.*, 19 Kas. 396; *McCardell v. McNay*, 17 Kas. 433.)

*5. Character of action, changed by amended pleadings.*

Counsel refer to the fact that, as Lamar B. Keith was in possession when the suit was brought, and as the result of the action is to divest him of possession, that it is substantially an action of ejectment. Now this argument is not conclusive, because many actions, the result of the judgment in which may deprive the defendant of any right or title to the property in controversy, and accordingly eventuate in divesting him of possession, are not actions of the character as to authorize as a matter of right two trials. Take the ordinary case of the foreclosure of a mortgage, where a defendant is in possession, and the proceedings therein against him may be such as to bar all his rights in the property, and eventually eject him from the premises.

Counsel suggest, however, that Uri S. Keith cannot maintain a suit to quiet title, or otherwise settle the adverse interests to the real estate, unless he is in possession. The plaintiff is not proceeding under § 594 of the code; but is seeking a character of relief formerly given in courts of chancery, and has set forth such a state of facts in his petition as under the rules of equity practice would entitle him to relief. Therefore, to succeed, it is not necessary for him to have alleged or shown that he was in the actual possession of the real estate. (*Douglass v. Nuzum*, 16 Kas. 515–519.)

It is further suggested by counsel, that in no event can the money paid for the taxes be offset by the rents and profits; and further, that if the tax deed be held invalid, Lamar B. Keith ought to recover the taxes paid by him, together with all penalties and costs, before plaintiff be let into possession. This sugggestion is based upon a misapprehension of the force of the findings and the evidence. It appears that Uri S. Keith derived no benefit from the premises used and occupied as a farm, after April, 1872; from that time to January, 1877, F. M. Keith, sr., Parthenia J. Keith and Lamar B. Keith lived thereon in a common family, divided the full benefits therefrom, and appropriated the same to their joint use. After January, 1877, Parthenia J. Keith and Lamar B. Keith received the rents and profits, and appropriated them to their joint use. During all the time after April, 1872, plaintiff was denied possession of the property; was unable to enjoy any of the rents and profits; and as it is a well-settled rule in law that some persons from their relation to the land are precluded from becoming purchasers at tax sales, or holding under a tax title, we think that the findings in this case are of such a character as to bring Lamar B. Keith within this rule, and as to prevent him from availing himself of an outstanding tax title, even if it were ever so regular. He was in possession of the premises, enjoyed with others the rents and profits, and it was the duty of the occupants to pay the taxes. Under these circumstances, the purchase by Lamar B. Keith operates for the purpose of justice, only as a redemption; such purchase gave no title; and in this view of the case, the question of the extension of the statute of limitations by the legislature of 1876, is immaterial. In the case of *Weichselbaum v. Curlett*, 20 Kas. 709, we held that a tenant was under no obligations to pay taxes, and might purchase the property at a tax sale during his term; but this decision was based upon the proposition that the tenant paid the rent, and the landlord enjoyed the rent of the premises, and therefore the tenant was under no duty to discharge the property from the tax lien. In *Hoffmire v.*

*Rice*, 22 Kas. 749, we held that rents could not be set off against the taxes; but in that case the holder of the tax title took possession of the property after he had purchased the property for taxes, and he held no such relation either to the land or the tax as precluded him from acquiring a tax title. Neither of these cases cited is in conflict with the ruling of the district court upon the alleged tax claim of Lamar B. Keith. As the purchase of the latter was merely a redemption of the land from the taxes, of course he is not entitled to a return of the taxes and penalties; the most that he would be entitled to was a claim for the money paid on the taxes, or for the portion thereof in excess of the rents and profits. Taking all the findings together, and the ruling of the court thereon, we must conclude that the court found the rents and profits fully equal to the taxes paid.

We have examined all the other matters submitted, but do not think that anything appears in either of the cases requiring further comment.

In case No. 2092, of Lamar B. Keith v. Uri S. Keith, the judgment of the district court will be affirmed, with costs against the plaintiff in error.

In case No. 2168, of Uri S. Keith v. Parthenia J. Keith, the judgment of the district court will be reversed, with costs; and the case is remanded to the court below with direction that the judgment for plaintiff, Uri S. Keith, may be modified upon the findings of fact so that the decree shall quiet the plaintiff's title to the entire tract of land set forth in his petition, and forever bar Parthenia J. Keith from any title, estate or interest therein.

All the Justices concurring.