A. C. GIBSON, AND CHARLES E. BRUCE, *County Clerk,* v. R. B. GREENE.

No. 527.

1. JUNIOR MORTGAGEE—*acquiring legal title and possession, tax lien already held by him merges, and taxes afterward paid constitute no lien.* The holder of a third mortgage buys a tax-sale certificate on the mortgaged property ; afterwards the second mortgage is foreclosed and he becomes the purchaser of the property at a sheriff's sale, subject to the lien of the first mortgage, and goes into possession and enjoys the rents, issues and profits thereof ; afterward the first mortgage is foreclosed, and his title under his sheriff's deed is destroyed. *Held,* that, when the the third mortgagee became the purchaser under the sheriff's deed, he acquired the legal title to the land, and it was then his duty to redeem the same from all outstanding tax liens, and those held by him merged in his superior title.

2. PRESUMPTION ON APPEAL—*assignment appearing to have been made, presumed made at such time as will sustain judgment.* Where an assignment appears to have been made, but the date thereof does not appear, this court will presume that the evidence showed that the same was made at the time necessary to sustain the judgment of the court below.

Error from Wyandotte District Court. Hon. Henry L. Alden, Judge. Opinion filed December 18, 1897. *Affirmed.*

Three mortgages were outstanding, held by different persons, on certain lots in Kansas City, Kan. Henton Gordon was the holder of the third mortgage. The second mortgagee brought suit to foreclose his mortgage, and, under an order of sale issued in that action, the lots were sold to Gordon, the third mortgagee, subject to the lien of the first mortgage. At the time of this sale, Gordon already held tax certificates for taxes paid on the lots. After his purchase at the sheriff's sale, Gordon went into possession of the lots and received the rents, issues and profits thereof. The tax certificates show indorsements evidencing the payment of taxes by their holder for a time subsequent to this taking of possession by Gordon. Gordon assigned the certificates to one Gibson, a plaintiff in error, but the date of the assignment does not appear in the record. The first mortgagee subsequently foreclosed his mortgage, and, under an order of sale issued in that action, the lots were sold to Greene, the defendant in error. Part of the proceeds of this sale was turned over to Gordon to apply on his mortgage. Afterwards the collector of taxes of Wyandotte County made public advertisement that, unless the lots were duly redeemed before a certain date, from the lien of the certificates before referred to, deeds would be made to the holder thereof. Greene then brought this action to enjoin Gibson, the holder of the certificates, from receiving, and Bruce, the county clerk, from making, such tax deeds, on the ground that, when Gordon became the owner of the legal title to the lots, the tax liens already held by him merged in his superior title, and that the payment of subsequent taxes by him was but in the line of his legal

duty and could create no lien against the land. Gibson made default. The court below sustained this view of the law and granted the injunction. From this judgment, the case is brought to this court, upon a petition in error and a transcript, the question for consideration being the sufficiency of the petition to support the judgment.

*Thomas J. White*, for plaintiffs in error.

*Wheeler & Switzer*, for defendant in error.

WELLS, J. In this case there appears a motion to dismiss the proceedings in error, for the reason that the record does not show that the amount in controversy exceeds the sum of one hundred dollars, and contains no certificate of the trial judge that the cause belongs to one of the excepted cases; but as both of these defects have been cured by evidence and amendment, the motion will be overruled, and we will consider the merits of the petition in error.

Under the petition, the case can be summarized as follows: The holder of a third mortgage buys a tax-sale certificate on the property mortgaged; on the foreclosure of the second mortgage he buys the legal title to the lands, subject to the lien of the first mortgage. He is now the owner of the lands in fee, subject only to the first mortgage; he is in possession and entitled to the rents, issues and profits thereof, and is in duty bound to pay the taxes thereon. The tax liens he has formerly acquired merge in his superior title, and in paying subsequent taxes he performs his legal duty and acquires no lien superior to the title he holds under such sale, as there is none. *Keith v. Keith*, 26 Kan. 26; *Leppo v. Gilbert & Gay*, 26 id. 138; Black on Tax Titles, § 279, and cases cited.

If the tax-sale certificate had been transferred by him prior to his purchase of the legal title, the purchaser would have acquired a good title thereto, and the purchaser's lien would have been a first lien on the property; but we cannot presume this to have been done. We may presume, to support the judgment, that the contrary, if allowable under the petition, as we think it was, was proven. If a motion to make the petition more definite and certain by setting up the date of the transfer, had been made, it must have been required; but, in the absence of such a motion, it was competent for the court to receive evidence on that subject, and it will be presumed that the evidence supported the judgment.

Under paragraph 6902, General Statutes of 1889, Mr. Gordon had the right to demand that the taxes be paid out of the proceeds of the sale, before applying them to the amount due on the second mortgage; but failing to do this, he cannot now complain. The judgment of the court below will be affirmed.

McElroy, J., concurring.

MAHAN, P. J. (dissenting). I cannot agree with the majority of the court, either in the principles of law announced or in the conclusion in this case. The petition of the plaintiff, in my judgment, does not state a cause of action. The petition alleges in terms that the plaintiff relied upon the record, as showing that the interest of Gordon under his certificate of purchase at the tax sale had merged in his sheriff's deed of the equity of redemption. This he could not do, according to law. As a purchaser at the sheriff's sale under the foreclosure of the first mortgage, he had no right to rely upon the record as showing the merger, because a merger generally takes place or not accord-

200          GIBSON v. GREENE.

N. Dept.        Dissenting Opinion.   Mahan, P. J.     6 Kan. App.

ing to the actual or presumed intention of the taker of the title, whatever it may be. This is a principle recognized by all the authorities. The petition does not allege that Gordon paid the subsequent taxes after the purchase of the land at tax sale. The petition does not allege that the certificate of sale was assigned after the payment of the taxes, or after Gordon took the sheriff's deed for the equity of redemption. The facts disclosed by the petition do show that there was no merger at law.

To effect a merger at law, the right previously held and the right subsequently acquired must coalesce or unite in the same person and in the same right, without any other right intervening. In equity it becomes a question of intent, and it is not alleged anywhere that Gordon took the sheriff's deed of the equity of redemption with the intention that his prior right should merge therein, nor is there any allegation equivalent thereto. It is assumed by the petition that, because of the mere fact that the records of Wy-andotte County did not show any assignment of the certificate by Gordon to Gibson, therefore the plaintiff had a right to presume, upon purchasing the property at the subsequent sale under the mortgage, that Henton Gordon still owned the certificate; and that he had a right to assume therefrom, as a matter of law, not as a matter of equity, that a merger had occurred; thus precluding any idea of investigation as to what was the real intention of Gordon at the time he took the sheriff's deed under the prior foreclosure. The assumption of the majority of the court in the principle announced in the first paragraph of the syllabus is that, as a matter of law, a merger occurred, notwithstanding the intervening right of the first mortgagee.

GIBSON v. GREENE.                201

Dec. 18, 1897.    Dissenting Opinion.    Mahan, P. J.        E. Div.

While it is true that the plaintiff had the right to have a liberal interpretation put upon the allegations of the petition, and the court would have a right to assume that all of the matters either expressly averred or impliedly averred in his petition were proven, yet the court could not infer, and had no right to presume, in order to sustain the judgment of the lower court, that something was proven that was not either specifically or impliedly alleged.

There is no question, under the rule laid down by our Supreme Court, that Henton Gordon, before he purchased the property under the first foreclosure and went into possession thereof, had a right to acquire the property at a tax sale. He was under no obligation to the first mortgagee or to the mortgagor or to any one else, to keep the taxes down. Either a second mortgagee or a first mortgagee may acquire a tax title, as against prior mortgagees or the mortgagor. At the time Henton Gordon purchased these lots at the tax sale and procured the certificate therefor, he was a mortgagee out of possession. It is true he subsequently went into possession, some time in September, 1890, and retained possession until some time in 1892, receiving the rents and profits; and during this time he was under obligation to apply the income of the property to the payment of the taxes. By the purchase of the equity of redemption at the first sheriff's sale, he in no manner became responsible for the mortgage debt. He did not assume it. It was not his debt. He acquired the property subject to it, and that is all. And while he was under obligation to apply the rents and profits toward the payment of the current taxes, he was under no obligation to discharge the prior lien created by a tax sale made by the county, either to himself or to any other person. He

202 GIBSON v. GREENE.

N. Dept.        Dissenting Opinion.   Mahan, P. J.      6 Kan. App.

would have a right to redeem, but he was under no obligation to redeem.

The fair intent of the petition is, that Gordon had assigned the certificate of the tax sale before the foreclosure proceeding was begun under which the plaintiff acquired his title. There was nothing in the petition to controvert this fact. I say this was the fair intendment of the allegations of the petition. And the allegation is specific that, because the defendant Greene did not cause the assignment to be noted on the treasurer's books, therefore a purchaser had a right to assume, and to purchase upon the strength of the record, assuming, that Gordon still held the tax certificate and that a merger had occurred. The defendant Gibson had the right of the benefit of Gordon's intention to maintain the tax lien independent of his sheriff's title, and there is nothing in the petition to negative this right. In my opinion, the judgment of the District Court was erroneous; the petition states no facts sufficient to support the judgment rendered, and the judgment ought to be reversed. Jones on Mortgages, §§ 848–872, inclusive; *Bell v. Tenny et al.*, 29 Ohio St. 240; *Rumpp v. Gerkins*, 59 Cal. 496; 15 Am. & Eng. Encyc. of Law, 322, 323, 325, and *notes* 1, 2, 3, citing authorities, 323.