Martin H. MOYER, Plaintiff,

v.

Jess MATHAS, Clerk of the Circuit Court of Volusia County, Florida, A. J. O'Donnell, Jr., District Director of Internal Revenue for the District of Florida, and United States of America, Defendants.

No. 69-736-Civ-J.

United States District Court,
M. D. Florida.

May 10, 1971.

William R. Frazier, Jacksonville, Fla., for plaintiff.

Park T. Zimmerman, Trial Section, Tax Div., U. S. Dept. of Justice, Washington, D. C., John L. Briggs, U. S. Atty., Allan P. Clark and John D. Rob-

**358**

erts, Asst. U. S. Attys., Jacksonville, Fla., for defendants.

*John R. Godbee, Jr., DeLand, Fla., for stakeholder.*

CHARLES R. SCOTT, District Judge.

## FINDINGS OF FACT

This Court having considered the pleadings, the stipulation of fact and the oral and written arguments of the parties and the exhibits hereby finds the following as fact:

1. The United States made assessments of federal income tax, penalties and interest against Maggie P. Tookes-transferee, on October 21, 1949, as set out below:

| PERIOD OF TAX | TYPE OF TAX | DATE OF ASSESSMENT AND NOTICE AND DEMAND | AMOUNT ASSESSED | PAYMENTS AND CREDITS | AMOUNT OUTSTANDING |
|---|---|---|---|---|---|
| 1942 | Income | 10–12–49 | $ 7,646.00 T<br>3,823.00 P<br>3,015.87 I | $ 2,768.47<br>17,500.00<br>1,207.00 | $14,484.87 |
| 1943 | Income | 10–12–49 | 28,598.52 T<br>14,299.26 P<br>9,564.44 I | 2,900.00<br>1,725.00<br>16,402.71<br>2,882.45 | 52,462.22 |
| 1944 | Income | 10–12–49 | 16,917.98 T<br>8,458.99 P<br>4,642.94 I | | 30,019.91 |
| 1945 | Income | 10–12–49 | 5,073.40 T<br>2,536.70 P<br>1,087.93 I | | 8,698.03 |
| 1946 | Income | 10–12–49 | 2,023.01 T<br>1,011.51 P<br>312.43 I | | 3,346.95 |
| | | | Total | $45,385.63 | $61,089.65* |

\* — This figure does not reflect unassessed accrued interest.
T — Tax
P — Fraud Penalty, Section 3612(d) (2) I.R.S. Code of 1939.
I — Interest

2. Subsequent to notice of and demand for payment as aforesaid, the taxpayer, Maggie P. Tookes neglected, failed and refused to pay the assessments and there remains due and owing on the assessments the sum of $61,089.65, plus interest according to law.

3. On October 11, 1955, suit was filed by the United States of America in the United States District Court for the Southern District of New York against Maggie P. Tookes and others to reduce the federal tax liability set out in Paragraph 1 above to judgment.

4. A default judgment was entered for the United States and against Maggie P. Tookes on February 23, 1962, in the amount of $106,242.51 representing the assessed tax liability and interest accrued to that date.

5. Notices of federal tax liens for the assessments were filed with the Clerk of the Circuit Court of Volusia County, Florida, on October 22, 1949, and were refiled on December 27, 1967.

6. On and after October 12, 1949, Maggie P. Tookes owned an interest in certain lands described as Lots 5 and 11 and the South ½ of Lot 6, except the Northeast 8 acres and the South ½ of Lot 10, Section 5, Township 18 South, Range 31 East. Volusia County, Florida.

7. On May 14, 1958, Maggie P. Tookes conveyed by warranty deed the property described in paragraph 6, above, to the plaintiff, Martin H. Moyer.

8. On December 1, 1969, the defendant, Jess Mathas, conducted a tax deed sale of the lands described in paragraph 6, above, in connection with Tax Certificate No. 894, Volusia County, Florida issued June 1, 1965, and covering said lands.

9. The base bid fixed in the sale described in paragraph 7, above, was in the amount of $6,907.42. As a result of the sale, there were surplus funds in the hands of the Clerk of the Circuit Court of Volusia County, Florida, at the time of the institution of this action in the amount of $28,792.58.

10. On December 2, 1969, the United States served a notice of levy upon the defendant, Jess Mathas, Clerk of the Circuit Court of Volusia County, Florida, demanding payment of the entire amount of the surplus in the Registry of the Court, in the amount of $28,792.58.

11. The plaintiff contemporaneously with the levy described in paragraph 9, above, made demand upon the defendant, Jess Mathas, Clerk of the Circuit Court of Volusia County, Florida, for payment to him of the surplus funds in the Registry of the Court as the owner of the land which had been sold at the tax deed sale.

12. On December 8, 1969, the plaintiff filed this action seeking to recover the sum of $28,792.58 and for certain other equitable relief.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. The notice of levy served on the defendant, Jess Mathas, by the United States on December 2, 1969, is untimely and void. (26 U.S.C. § 6502(a)).

3. Notices of federal tax liens for the assessments made against the taxpayer, Maggie P. Tookes, were properly filed with the Clerk of the Circuit Court of Volusia County, Florida, on October 22, 1949, and were properly refiled on December 27, 1967, and attach to the fund which is the subject of this action. (26 U.S.C. §§ 6323(g) (4) and 6321).

4. The personal judgment against Maggie P. Tookes obtained by the United States on February 23, 1962, extended the life of the federal tax liens beyond the initial six year period as provided in 26 U.S.C. § 6502(a). These liens were not merged into the judgment but continued to exist independently of it and the tax liens are separately enforceable. (26 U.S.C. 6322; United States v. Hodes, 355 F.2d 746 (2d Cir. 1966), cert. dismissed, 386 U.S. 901, 87 S.Ct. 784, 17 L.Ed.2d 779 (1967); United States v. Overman, 424 F.2d 1142, 1147 (9th Cir. 1970).

5. The plaintiff, not being the taxpayer in this case, may not attack the validity or merits of the tax assessments made against Maggie P. Tookes. (Falik v. United States, 343 F.2d 38, 41 (2d Cir. 1965); Graham v. United States, 243 F.2d 919 (9th Cir. 1957); United States v. Pearson, 258 F.Supp. 686, 689 (DC SD N.Y., 1966); Quinn v. Hook, D.C., 231 F.Supp. 718, (DC Pa 1964) affirmed, 341 F.2d 920, 3d Cir. and Commercial Credit Corp. v. Schwartz, 126 F.Supp. 728 (E.D.Ark. 1954).

6. The defendant, counterclaimant and cross-claimant, United States, is entitled to have its federal tax liens foreclosed on the fund of $28,792.58 on deposit with the Registry of the Circuit Court of Volusia County, Florida.

7. Plaintiff, Martin H. Moyer, is not entitled to be paid the funds on deposit in the Registry of the Circuit Court of Volusia County, Florida, nor is he entitled to the equitable relief that is prayed for in his complaint.