Joe Horn Mount Seminole County Attorney Sanford
QUESTIONS:
1. Who is the `legal titleholder of record' under s. 197.291(2), F. S., when the official records indicate ownership in `X' and an outstanding purchase money mortgage of record from `X' to `Y' on the day of sale?
2. If the `legal titleholder of record' under s. 197.291(2) refers to the record owner and not the mortgagee, does the mortgagee retain any lien or other interest in the excess proceeds from the sale?
3. If the distribution scheme required by s. 197.291(2) extinguishes any lien or other interest of the mortgagee in the excess proceeds from the tax sale, does this statute violate constitutional due process guarantees?
SUMMARY:
Because Florida is a `lien' rather than a `title' state, a mortgagor retains legal title to the mortgaged property and a mortgagee receives no more than a lien on such property. Hence, the `legal titleholder of record' described in s. 197.291(2), F. S., is the record owner and not the mortgagee.
Application of s. 197.291(2) in certain circumstances involving perfected federal tax liens, state liens for sales or intangible taxes, workmen's compensation liens, county welfare liens, and perfected private mortgage and other liens may encounter constitutional difficulty, however, because compliance with its mandate could alter the lawfully established and the normal priority of liens and extinguish a lienholder's or property owner's rights in or to the surplus proceeds of the tax deed sale. Such application and distribution of such proceeds may operate to divest or impair constitutionally protected contractual and lien or property rights in violation of the Due Process and Contract Clauses of the Florida and United States Constitution, in the absence of statutory notice that such rights may be so divested or impaired by operation of the distribution scheme prescribed by the statute. To the extent that such distribution displaced or impaired a federally held lien, the statute would appear to be violative of the Supremacy Clause of the United States Constitution.
The Attorney General cannot declare a statute unconstitutional or advise any officer to disregard a legislative direction or mandate. On the contrary, the statute is presumed to be constitutional and must be given effect until judicially declared invalid. In the event that the clerk of circuit court has reasonable doubts as to the statute's validity or its application in the foregoing circumstances or his duties thereunder, he has standing to bring an appropriate judicial proceeding for declaratory relief against the property owner and the holders of perfected and recorded liens to determine its validity and his duties thereunder.
AS TO QUESTION 1:
In answer to your first question, it seems clear that the `legal titleholder of record' described in s. 197.291(2), F. S., is the record owner and not the mortgagee. Because Florida is a `lien' state rather than a `title' state, a mortgagor retains legal title to the mortgaged property, and a mortgagee receives no more than a lien on such property. Section 697.02, F. S.; Georgia Casualty Co. v. O'Donnell, 147 So. 267 (Fla. 1933); Hoffman v. Semet,316 So.2d 649 (4 D.C.A. Fla., 1975).
AS TO QUESTIONS 2 AND 3:
Section 197.291(2), F. S., directs the clerk to hold the balance of the surplus `for the benefit of' the legal titleholder of record. The record owner is therefore entitled to receive these proceeds under the statute. The Florida courts do not appear to have considered whether a mortgagee, whose rights in the mortgaged property have been extinguished under s. 197.271, F. S., retains equitable liens or other rights in these same surplus proceeds. Other jurisdictions, however, protect the mortgagee's rights. See
72 Am. Jur.2d State and Local Taxation s. 911 (1974) and 85 C.J.S.Taxation s. 817(b) (1954). See also Moyer v. Mathas, 332 F. Supp. 357
(S.D.Fla. 1971), aff'd, 458 F.2d 431 (5th Cir. 1972), holding that a federal tax lien becomes a lien on the excess proceeds of a tax sale, superior to the rights of the previous record owner. If the Florida courts follow this line of cases, the mortgagee may be held to have a lien or other interest in the tax sale proceeds which has the status of a property right and is protected by constitutional Due Process guarantees.
Your second and third questions therefore raise constitutional questions which cannot be authoritatively decided by this office. In AGO 077-99 I concluded that:
 Application of this statute in certain circumstances involving perfected federal tax liens, state liens for sales or intangible taxes, workmen's compensation liens, county welfare liens and perfected private mortgage and other liens may encounter constitutional difficulty, however, because compliance with its mandate could alter the lawfully established and the normal priority of liens and extinguish a lienholder's or property owner's rights in or to the surplus proceeds of the tax deed sale. Such application and distribution of such proceeds may operate to divest or impair constitutionally protected contractual and lien or property rights in violation of the Due Process and Contract Clauses of the Florida and United States Constitutions, in the absence of statutory notice that such rights may be so divested or impaired by operation of the distribution scheme prescribed by the statute. To the extent that such distribution displaced or impaired a federally held lien, the statute would appear to be violative of the Supremacy Clause of the United States Constitution.
 The Attorney General cannot declare a statute unconstitutional or advise any officer to disregard a legislative direction or mandate. On the contrary, the statute is presumed to be constitutional and must be given effect until judicially declared invalid. In the event that the clerk of circuit court has reasonable doubts as to the statute's validity or its application in the foregoing circumstances or his duties thereunder, he has standing to bring an appropriate judicial proceeding for declaratory relief against the property owner and the holders of perfected and recorded liens to determine its validity and his duties thereunder.
Prepared by: Harold F. X. Purnell, Assistant Attorney General