## J. E. Nobles *v.* M. McCarty, Trustee.

1. LANDLORD AND TENANT. *Agreement to sell. Case in judgment.*
    H. entered into a written agreement with S., in which it was stipulated that S. was to have the use of certain land belonging to H., and was to pay as *rent* therefor a certain sum yearly. The annual payments of rent were to be credited upon a note of S. held by H., and if in a given time the credits amounted to enough to satisfy the note and interest, S. was to have a deed to the land. *Held*, that there was nothing unlawful in that agreement, and that the relation of landlord and tenant existed between the parties.

2. VENDOR AND VENDEE. *Relation changed by subsequent agreement.*
    It is not allowable by a subsequent agreement to convert the relation of vendor and vendee into that of landlord and tenant so as to defeat supervening rights.

APPEAL from the Circuit Court of Rankin County.

Hon. A. G. MAYERS, Judge.

R. F. Swilly entered into the following contract with W. A. Moore, agent for James Haley: "This agreement, made and entered into by and between W. A. Moore, agent for James Haley, of the first part, and R. F. Swilly, of the second part, to wit, The party of the second part agrees to pay W. A. Moore sixty dollars for the rent of a place known as the Haley Place and now occupied by said Swilly, as rent for the year 1882, and one hundred dollars for each of the years 1883–4–5, this to be placed on Swilly's note for six hundred dollars, due and payable one day after date, as a credit. It is agreed and understood this one hundred dollars for each year is to be collected as rent. Upon the prompt and full payment of said note and interest on or before the 1st day of January, 1886, the party of the first part agrees and hereby binds himself and his heirs to make said Swilly a warrantee deed

to said place.    When the above amounts have been paid as agreed, then this bond to be void, otherwise to remain in full force." (Signed), " W. A. Moore."

Afterward, on the 1st day of February, 1883, Swilly executed a deed of trust on the crops to be raised on Haley Place for the year 1883, to secure T. W. McCarty for supplies and advances to be made for that year.

In the fall of 1883 Moore, the agent of Haley, attached three bales of cotton for the rent of that year.    In order, however, to save the cost of the attachment proceeding, Moore released the attachment and Swilly delivered him the cotton, which was thereupon sold and delivered to Nobles, the appellant.    McCarty then sued out a writ of replevin for the cotton in the possession of Nobles, claiming it under his trust deed, and insisting that the relation of landlord and tenant did not exist between Haley and Swilly; that Swilly had purchased the land from Haley on credit, and the agreement above set forth was a bond for title merely, and that the alleged relation of landlord and tenant was a pretended one for the purpose of defeating his claim.    Judgment was for the plaintiff in replevin, from which Nobles appealed.

*Wm. Buchanan*, for the appellant.

1. The relation of landlord and tenant can exist, notwithstanding the execution of a bond for title.    *Bacon* v. *Howell*, 60 Miss. 362.

2. If Swilly was in possession under the bond for title, Moore would not be estopped from asserting his landlord's lien under the contract to pay rent.    Ib.

3. It was the duty of McCarty to inquire into the character of the right by which Swilly held the land, and this information he should have gained from Moore, the agent of the owner.    Ib.    "A bond for title is not a conveyance of the land, but a mere contract to convey upon a certain contingency," and the contingency here was the prompt payment of the rent as agreed, and at the end of the lease, the payment of a further sum which added to the rent payments would amount to six hundred dollars and interest thereon from September 23, 1882, till January 1, 1886.    The intention

of the parties as shown by the written contract will govern, and I think it clearly appears that both intended that the relation of landlord and tenant should continue to exist between them, and that all the rights incident to this relation should be retained  There is no evidence that Swilly represented himself to McCarty to be the owner of the land, nor does it appear that McCarty regarded Swilly's occupancy of the land as other than that of tenant for Haley, and the idea of claiming that the relation of vendor and vendee, and not of landlord and tenant, existed was an afterthought with both Swilly and McCarty.  The contract was not drawn, perhaps, as it would have been by a person skilled in such matters, but I think it clearly expresses the intention of the parties that the relation of landlord and tenant should exist between them, and it should be upheld as it was intended.  See also *Vick* v. *Ayres*, 56 Miss. 670.

*Henry & Enochs* and *McLaurin & McLaurin*, for the appellee.

The only question in the case is this : Can the vendor of land make a statute that was intended to secure rent only secure the purchase-money for land ?  We submit it cannot.  While a man may rent his land to be operative as a rent contract, in the event the purchase-money is not paid he cannot by calling it rent evade the statute and have a lien for purchase-money of the land.  This was what Moore evidently attempted to do.  It was expressly provided that what he called rent was, when collected, to go as a credit on the note for the purchase-money.  This case is very different from *Bacon* v. *Howell*, 60 Miss. 362.  There the purchase was abandoned when rent was demanded ; here the vendor calls it rent, but still holds on to the sale.  A manifest evasion.

CAMPBELL, C. J., delivered the opinion of the court.

Our interpretation of the contract between Moore, as agent of Haley and Swilly, is that the latter became a tenant obliged to pay rent as stipulated, with the right to have title to the land in fee on payment of the note for six hundred dollars and interest, and the rent he might pay was to go as a credit on the purchase-money.  There was nothing forbidden by law in this arrangement, and the relation of landlord and tenant existed between the parties.  Therefore, the

right of the appellant holding the cotton under the landlord was paramount to the claim of the appellee claiming under the deed of trust.    We concur in the view held by the learned judge below— that it is not allowable by a subsequent agreement to convert the relation of vendor and vendee into that of landlord and tenant so as to defeat supervening rights ; but in this case the arrangement at the outset was as we have stated it, and in it we see nothing wrong.

*Judgment reversed and new trial granted.*