## L. & N. WILCZINSKI v. D. J. W. LICK.

1. **VENDOR AND VENDEE.** *Relation changed to tenancy. Supervening rights.*
   The relation between a vendor and vendee cannot be changed into that of landlord and tenant so as to defeat supervening rights. *Nobles* v. *McCarty*, 61 Miss. 456.

2. **SAME.** *Case in judgment.*
   Where one in possession of land, under a contract of purchase, executes a trust-deed on the crops of a certain year, and afterwards, by consent of the seller, abandons the purchase and agrees to pay rent for that year, the lien of the trust-deed is superior to that for rent.

FROM the circuit court of Washington county.

HON. R. W. WILLIAMSON, Judge.

One Showers went into possession of certain land under a written contract signed by the owners, Helm and Wilczinski. The contract was dated November, 1887, and recited that Helm and Wilczinski had made a verbal sale of the land to Showers at a certain price to be paid in four annual installments, beginning January 1, 1888. It contained the further stipulation that, upon the payment of the first installment, a deed would be executed by Helm and Wilczinski, and notes for the installments of purchase-money would be executed by Showers, and that the instrument would be void unless payments were promptly made.

Showers failed to make the first payment due January 1, 1888, and also that due January 1, 1889. Soon thereafter, L. & N. Wilczinski, who had become invested with the rights of Helm and Wilczinski, entered into an agreement with Showers by which the contract of purchase was abandoned, and the latter agreed to pay rent for the year 1889, and a lease was executed. But meantime, Showers had executed a trust-deed upon his crops for the year 1889 to appellee, as trustee for the Ring Land & Mercantile Co.

This action was brought by said trustee to recover from L. & N. Wilczinski the value of a certain lot of cotton, of the crop raised by Showers for that year, which said firm had taken and applied to their claim for rent and supplies. On the trial the court, holding that the trust-deed was superior to appellants' lien for rent

and supplies, granted a peremptory instruction in favor of plaintiff. Verdict and judgment accordingly, and defendants appeal.

*C. P. Neilson* and *I. Schlesinger,* for appellants.

We are aware of the case of *Nobles* v. *McCarty,* 61 Miss. 456, but the circumstances of this case make that authority inapplicable. It was there held that a contract of sale and the relation of landlord and tenant could exist at the same time. In this case Showers took possession, not for the purpose of creating the relation of landlord and tenant, but under a grant of a larger and more definite interest, and until that interest is vested in him, the law will treat him as a tenant at will and hold him liable for rent, after he has refused to perform his part of the agreement. Tiedman on Real Prop. § 216, and cases cited.

But if it be held that there was a valid contract to convey, surely the parties have a right to mutually treat it at an end whenever they choose. Showers had been on the land nearly three years without paying one cent as rent or otherwise. Under such circumstances it was not required of the owners to tender him a deed and put him in default as a purchaser. It is not a case where a purchaser has paid part of the purchase price, which entitled him to a demand for the balance by the seller and an offer to perform. In this case notice, and not the want of it, was the only safeguard of the Ring Land and Mercantile Co., or of any one desiring to do business with Showers. It was the duty of appellee to inquire into the relation existing between Showers and appellants. Whether before the execution of the trust-deed there actually existed a verbal lease of the land for the year, was a question of fact that should have been submitted to the jury. We refer the court to *Bacon* v. *Howell,* 60 Miss. 362.

*Wynn, Thomas & Griffin* and *Calhoon & Green,* for appellee. No brief on file.

CAMPBELL, C. J., delivered the opinion of the court.

" It is not allowable by a subsequent agreement to convert the relation of vendor and vendee into that of landlord and tenant so

as to defeat supervening rights." *Nobles* v. *McCarty*, 61 Miss. 456.

The evidence in this case shows that that was done, and the instruction for the plaintiff was properly given, and the verdict is supported by evidence.

*Affirmed.*