WHYTE BEDFORD *v.* SUSAN M. GARTRELL.

[40 South. Rep., 801.]

LANDLORD AND TENANT. *Lien. Code* 1892, § 2495. *Deed of trust. Sup-plies. Growing crops. Agreement to purchase.*

The lien of a landlord upon agricultural products raised upon the leased premises to secure the rent for the year they were raised, under Code 1892, § 2495, creating the lien, is superior to the lien of a deed of trust given thereon by the tenant; and the land-lord's lien is unaffected by a stipulation in the lease giving the tenant the right to purchase the land during the term by paying an agreed sum, coupled with a provision that in case of a failure to purchase he was to pay the rent.

FROM the circuit court of DeSoto county.

HON. JAMES B. BOOTHE, Judge.

Mrs. Gartrell, the appellee, was plaintiff in the court below; Bedford, the appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

Action to recover rent for a tract of land due by one Carter to the plaintiff. Carter had given Bedford a deed of trust on his growing crops to secure advances of supplies made during the year, and had delivered to Bedford the cotton raised by him on the land which he had leased from Mrs. Gartrell. Mrs. Gartrell sued as landlord, basing her right on the landlord's lien given by law (Code 1892, § 2495), on the crop of the tenant raised on the leased premises. The written contract entered into between Mrs. Gartrell and Carter had been lost by Carter. Mrs. Gartrell testified that it was a lease contract. Carter testified that it was a contract for the purchase of the premises. One La Grille, the divorced husband of Mrs. Gartrell, testified that he drew the con-tract and notes at the request of his then wife, and that the con-tract was for the purchase of the property, the deed to be made after the payment of the first note. Mrs. Gartrell denied giving

La Grille authority to enter into a contract to sell the place, and testified that she refused to sign any contract of this nature, but that she afterwards rented the land to Carter. The case went to the jury and resulted in a verdict for plaintiff. The case was once before in the supreme court and is reported. See *Bedford v. Gartrell,* 36 South. Rep., 529. The first decision of the supreme court in the case related alone to the question of the right of defendant to a continuance at the term of the circuit court when the case was first tried.

*Saint John Waddell,* for appellant.

Counsel's brief was lost, mislaid or withdrawn, and did not come to the reporter.

CALHOON, J., delivered the opinion of the court.

Mrs. Gartrell's claim below, as plaintiff, was based upon her lien as landlord of Gilbert Carter. This lien would be good against Bedford, whether it was a simple rent contract with Carter, or a contract that he should be purchaser on payment of price, but, on failure, he should be regarded as tenant for a fixed consideration as rent. *Nobles* v. *McCarty,* 61 Miss., 456. Bedford's defense is that Carter was not a tenant for rent, but held as purchaser of the land from Mrs. Gartrell, and, being such, gave him a deed of trust for supplies for the year 1902. He produces seven plain promissory notes, payable annually, each for $100, not reciting for what they were given, and each payable to Mrs. Gartrell by her then name of La Grille. He also undertakes to show that, on delivery of these notes, she and Carter both signed a contract for the sale and purchase of the land, in duplicate. She says she never did, but that she expressly refused to do so when the papers were brought to her by her then husband, since divorced. Carter testified that he occupied as purchaser under the written contract, and says that he "either now has said written contract, or has lost the same and it cannot be found." There is no evidence that he, or any one else, ever tried to find it, or made any search for it, and yet we find a letter from him, of date

November 22, 1902, to Mr. Whittaker, the bookkeeper of Mr. Bedford, saying, "I have agreed to pay Mrs. Gartrell 1,100 pounds of lint cotton as rent for year 1902," and in which he also says, "I have turned over to Mrs. Gartrell her place I rented from her." It would be very curious indeed if Mrs. Gartrell bargained to sell her land to an irresponsible negro, with no protection by reservation of rent. It is quite manifest that the jury gave no credit to the testimony of Carter, or of La Grille, the divorced husband, and that they did believe that the relation of landlord and tenant existed. It is quite noteworthy, too, that while Carter's trust deed to secure Bedford is of date March 20, 1902, it was not acknowledged until November 11th of that year, and not filed for record until November 12, 1902. There was no constructive notice of it until the latter date, and no actual notice of it to Mrs. Gartrell is anywhere shown. In full view of all the testimony in this record, we do not feel authorized to disturb the verdict.

*Affirmed.*