## O. W. McKISSACK v. E. BULLINGTON.

1. FORCIBLE ENTRY AND UNLAWFUL DETAINER: WHO MAY MAINTAIN IT.—It is not necessary that the relation of landlord and tenant, or vendor and vendee, should exist, to entitle the owner of land to the remedy of forcible entry, or unlawful detainer; but the owner, although only in constructive possession, may maintain this action against a party who peaceably enters the premises, and detains the possession from him without his consent. See *Pugh* v. *Wilson*, 32 Miss. R. 196.

2. LANDLORD AND TENANT: PAYMENT OF RENT NOT ESSENTIAL TO CONSTITUTE THE RELATION.—To constitute the relation of landlord and tenant, it is not necessary that there should be a contract to pay rent.

3. VENDOR AND VENDEE: RELATION MAY EXIST BY PAROL SALE.—The relation of vendor and vendee may exist where the contract of sale is not in writing. See *Lewis* v. *Hutchins*, 8 S. & M. 328.

4. FORCIBLE ENTRY AND UNLAWFUL DETAINER: VENDOR IN PAROL SALE ENTITLED TO, WHEN.—The owner of land who has parted with the possession by a parol contract to make a deed upon the payment of the purchase-money, is entitled to the statutory remedy of unlawful detainer to recover possession from his vendee, or any person claiming under him, if the terre-tenant fail to pay the purchase-money according to the parol agreement, upon the demand of the vendor, and his offer to make a deed.

ERROR to the Circuit Court of De Soto county. Hon. J. W. Thompson, judge.

*White* and *Chalmers*, for plaintiff in error.

The statute on which the plaintiff's suit was founded, is to be found in Rev. Code, 349, Art. 3. "If any person shall enter, or shall have entered, into any lands or tenements in case where such entry is lawful, and after the expiration of his right shall continue to hold the same against the consent of the party entitled to the possession, the party so entitled, whether as tenant of the freehold, tenant for years or otherwise, shall be entitled to the like summary remedy at any time within three years after the possession shall have been so withheld from him against his consent."

And we submit that the plaintiff in this case came precisely within the terms of this statute. But let us consider, first, the charge as given for the defendant.

There are two branches to this charge, and both manifestly erroneous. This court has decided frequently that in some cases parties may maintain the action of unlawful detainer, who have never had possession of the land, and therefore could never have been the actual landlords. See *Spear* v. *McKay*, Walker Rep. 265; *Rabe* v. *Fyler*, 10 S. & M. 441.; *Cumming* v. *Kilpatrick*, 1 Cushm. 118.

In the next place, the relation of landlord and tenant is defined in the charge, and made to depend on the simple payment and reception of rent.

In what relation, we would ask, do parties stand when one suffers another to remain on his land without charge and at his will. To ask the question, is to show the absurdity of this charge.

We ask attention to the definition of tenant in Bouvier's Dict. p. 573, where it will be seen at once that this charge wholly ignores the idea of a tenant at will or sufferance, and is manifestly erroneous.

Again, the relation of vendor and vendee is made to depend on whether there was any writing of the contract under which Bullington entered into possession of the land. This is manifestly erroneous, and in direct conflict with the decision of this court in the case of *Sims* v. *Hutchins*, 8 S. & M. 328, where a parol contract in regard to land is not only recognized, but it is said that the Statute of Frauds and Perjuries, requiring such contracts to be in

writing, was made for the benefit of vendors; and that where money has been paid on the contract, it cannot be recovered back if the vendor is willing to comply with his contract.

*T. J. Wharton,* on same side,
Cited *Benson* v *Stewart,* 30 Miss. R. 49; *Stewart* v. *Gates,* Ib. 100.

No counsel appeared for defendant in error.

HARRIS, J., delivered the opinion of the court.

The plaintiff in error instituted proceedings for unlawful detainer against defendant, for the possession of a town lot, under the statute. A trial was had before the justices and jury, and verdict rendered for plaintiff. An appeal was taken to the Circuit Court, and there a trial was had and jury and verdict for defendant; and the case is prosecuted here by writ of error.

The assignment of errors relates to the charges given and refused, and the refusal to grant a new trial.

The record shows that the plaintiff in error, by verbal contract, sold the lot in question to one Albert Bullington, who went into possession, but never paid any money or in any manner complied with said verbal arrangement. That said A. Bullington, plaintiff's tenant or vendee, contracted with one Patten for the erection of a stable on said lot. That after the completion of the work, Patten failing to collect his money of A. Bullington, commenced proceedings in the Circuit Court of De Soto county to enforce his mechanics' lien. Judgment was obtained, execution issued, and the lot sold by the sheriff to one Frazee, who sold to defendant, E. Bullington. Plaintiff, within the time limited by the statute, commenced this proceeding, after having demanded payment, and upon refusal, demanded possession of the premises.

Upon this state of facts, the court was requested by the plaintiff to charge the jury: That if the defendant claims the lot in controversy by title derived from Albert Bullington, and that Albert Bullington went into possession of said lot under a parol contract with plaintiff, that he would make him a deed therefor whenever said lot was paid for by him; and that plaintiff demanded payment of the

purchase-money, due on said contract, from defendant, who refused to pay the same; and that plaintiff thereupon declared said contract at an end, and demanded possession of said lot; and on the refusal of defendant to deliver him possession of said lot, brought this suit of unlawful detainer within three years after this refusal of defendant to comply with said contract, then they will find for plaintiff.

This charge was refused. We think it was a correct statement of the law under the facts appearing in the record; or at least it was *quite* as favorable to the defence, if not more so, than the rules of law require.

The defendant requested the court to instruct the jury, " that the action of unlawful detainer can only be maintained where there exists between the parties the relation of landlord and tenant, or of vendor or vendee. And that unless the jury believe, from the evidence, that there was a contract between the parties to pay and receive rent, the relation of landlord and tenant cannot exist. And that unless the contract for the sale of land is in writing, it cannot create the relation of vendor and vendee so as to enable the vendor, on refusal of the vendee to comply with his contract, to bring an action of unlawful detainer."

This instruction was given, and is clearly erroneous.

In the first place, it is not true as a legal proposition, either that the actual relations of landlord and tenant or of vendor and vendee should exist, to entitle the plaintiff to this proceeding under the statute. The owner of land, though in the constructive possession of it, may maintain his action for forcible entry and unlawful detainer against a party who peaceably enters the premises and detains the possession from him without his consent. *Wilson* v. *Pugh*, 32 Miss. R. 196.

Nor is it necessary that there should be a contract to pay and receive rent to create the relation of landlord and tenant : one holding at will or by sufferance, is a tenant.; and he of whom the possession is held, is in law the landlord, in the absence of any contract to pay rent, or even where it is understood between the parties that no rent is to be paid.

Nor is it necessary, in all cases, that the contract for the sale of land should be in writing to constitute the relation of vendor and

vendee. As when the vendor holds the vendee's note for the payment of the purchase-money, the vendee being in possession, and the vendor willing to execute title, here the relation of vendor and vendee not only exists, but the vendee may be compelled to pay the purchase-money. See *Lewis* v. *Hutchins,* 8 S. & M. 328, and cases there cited.

Let the judgment be reversed, and cause remanded, and a *venire de novo* awarded.