PETER MONSEN

v.

JONATHAN W. STEVENS.

</div>

| 56 | 335 |
|----|-----|
| 147 | 511 |
| 56 | 335 |
| 46a | 428 |
| 56 | 335 |
| 82a | 400 |

1. FORCIBLE DETAINER — *by whom the action may be brought.* Under the act of 1861, extending the remedy by forcible detainer to all cases between vendor and vendee, where the latter has obtained the possession of land under a contract, and before obtaining a deed, fails or refuses to comply with the contract, the grantee or alienee of the vendor, being "entitled to the possession," may maintain the action.

2. VENDOR AND PURCHASER — *want of title in the former.* Where a vendor of land agreed to convey upon the making of certain deferred payments, the fact that in the mean time, prior to the full payment of the purchase money, the vendor had no title, and so declared, would not constitute a violation of the contract on his part, because he had until the time he agreed to convey in which to acquire the title.

3. So where a party who had sold land, afterward conveyed the same to a third person, and the latter brought an action of forcible detainer against the original vendee, he having gone into possession under his contract, and made default in payment, it is not competent for the defendant in such action to prove that his vendor had, at a time prior to that at which he had agreed to convey, declared his inability to make a conveyance as to a part of the premises.

4. SAME — *effect of a judgment in forcible detainer, on the rights of the vendee.* It is not necessary that a vendor of land should declare a forfeiture of the contract in order to the maintenance of an action of forcible detainer against the vendee, he having failed to comply with his contract; nor would a judgment in such action, against the vendee, enforce a forfeiture or work a rescission of the contract, but the vendee might still have a specific performance if equity was in his favor.

APPEAL from the Circuit Court of De Kalb County; the Hon. THEODORE D. MURPHY, Judge, presiding.

The opinion states the case.

Mr. R. L. DIVINE, for the appellant.

Mr. CHARLES KELLUM, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

On the 1st day of October, 1864, appellant purchased from Aaron K. Stiles, one hundred and twenty acres of land, and they entered into an agreement in writing, by which Stiles covenanted to convey the premises to appellant, in consideration of $200 cash, and the payment of $200 on the 1st of October, 1865, and $880, in seven annual payments, with interest at the rate of eight per cent per annum.

It was further agreed, that, in case of the failure to make either of the payments, the contract and all payments should be forfeited, and that Stiles should have the right of re-entry.

Appellant wholly failed in the performance of his covenants, and made only the first payment.

Stiles conveyed the lands to appellee, on the 27th day of September, 1867; and he commenced an action of forcible entry and detainer, in March, 1868.

A jury rendered a verdict against the defendant below, and a judgment was entered thereon.

This proceeding was instituted, under "An act to amend the statute in relation to forcible entry and detainer," approved February 20, 1861. (Session Laws 1861, 176.) The act of 1845, in relation to forcible entry and detainer, is extended by the act of 1861, to all cases between vendor and vendee, where the latter has obtained the possession of lands under a contract, and, before obtaining a deed of conveyance, fails or refuses to comply with the contract.

The grantee or alienee of the vendor had the right to commence proceedings. He was "entitled to the possession." *Dudley* v. *Lee*, 39 Ill. 339; *Ball* v. *Chadwick*, 46 id. 28.

The first objection urged is, that the court erred in excluding proof offered, that, in 1867, Stiles had declared his inability to convey forty acres of this land, and that the contract was only to apply to the eighty acres in controversy. By the terms of the contract no conveyance was to be made until there was full payment. The last payment would not have matured

until in October, 1872. The vendor and his grantee had, during the life of the contract, the right to acquire the title. Even upon a tender of the purchase money the vendee had no right to a conveyance at the time of the commencement of this suit. The whole purchase money was not due. The time for performance had not arrived. The vendor, therefore, was under no legal obligation to fulfill his covenants before the time fixed by the contract.

The contract to convey one hundred and twenty acres was an entirety; but appellant had no right to insist upon its performance prior to the time agreed upon. This would enable him to substitute a different time for the time mentioned in the written agreement, and thus the vendee might change the contract at pleasure.

Even such a declaration by Stiles would not have been a violation of the contract. He was not bound to have the title until a specified time. It is therefore absurd to say that there was a violation, when there was no present obligation.

Neither did the repudiation of the contract, as indicated, absolve appellant from prompt payment. Two payments had matured before the pretended renunciation of title on the part of the vendor. The failure to comply was on the part of the vendee.

But, concede that appellant had the right to regard the contract as rescinded, he did not exercise the right. If he had he should have surrendered possession, and thus this litigation might have been avoided.

Complaint is made of the following instruction given for plaintiff below :

"In this case, if the jury believe, from the evidence, that Stiles told the defendant he might have until the fall of A. D. 1867, in which to make the payments then due, this, of itself, was no legal extension of the contract or time of payment, and would not prevent Stiles or his grantee from declaring said contract forfeited, even before said fall of A. D. 1867, on the account of any payments that might then remain due thereon."

This instruction was wholly immaterial, and could not operate to the prejudice of appellant. The extension of time, if any was made, was only until the fall of 1867. The suit was not commenced until in March, 1868. The vendee was then in default, and had failed to comply. The giving of the instruction is no cause for reversal, as justice has been done by the verdict. There was no necessity for the vendor to declare a forfeiture. The judgment in this proceeding does not enforce a forfeiture, nor work a rescission of the contract. The vendee can enforce specific performance when out of, as well as when in, possession, if equity is in his favor. His equities are not prejudged by the result. *Dean* v. *Comstock*, 32 Ill. 175; *Wilburn* v. *Haines*, 53 id. 207.

The appellant has wholly failed to comply with his contract, and is wrongfully withholding the possession, after proper demand for possession by the party entitled thereto. He should be compelled to surrender.

The judgment must be affirmed.

*Judgment affirmed.*