# CASES ARGUED AND DECIDED

—— IN THE ——

# SUPREME COURT OF MISSISSIPPI,

—— AT THE ——

## APRIL TERM, 1905.

EDWIN A. CLARK *v.* LENA BOURGEOIS.

1. UNLAWFUL DETAINER. *Scope of action.*

   Where a defendant entered into the possession of land, the record title to which was in the plaintiff, under a verbal contract to make payments to the plaintiff, in the nature of rent, until a certain sum had been paid, when plaintiff was to make defendant a deed to the premises, and the defendant before completing the payments repudiated the contract, the action of unlawful detainer will lie in plaintiff's favor, under Code 1892, § 4461, providing that a landlord, vendor, or other person against whom the possession of land is withheld after the expiration of defendant's right by contract to hold possession, shall be entitled to such remedy.

2. SAME. *Title. Equities.*

   In forcible entry and detainer, neither the legal title to the property nor any secret equities existing between the parties can be investigated.

FROM the circuit court of Hancock county.

HON. WILLIAM N. DENNY, Special Judge.

Clark, the appellant, was plaintiff, and Mrs. Bourgeois, the appellee, defendant in the court below. The action was unlawful detainer. From a judgment in defendant's favor, the plaintiff appealed to the supreme court.

Defendant was originally the owner of the land in controversy. She made a deed to plaintiff, in which her husband did not join, but at the time she and her husband were living apart from each other, and they were not occupying the land. Afterwards defendant and her husband became reconciled and again lived together, when plaintiff entered into an agreement with defendant to the following effect: She should occupy the land and pay plaintiff the sum of three dollars per month in the summer time, and six dollars per month during the winter months, until a certain sum was paid, when plaintiff would make her a deed to it. Defendant entered into possession under this contract, which was verbal, and made monthly payments thereon for some time; but before the full amount was paid she refused to make further payments, and repudiated the contract, claiming that her husband had not joined in the conveyance to plaintiff, and that the land was her homestead at the time she made the deed to defendant, and, therefore, the conveyance was void; and, further, she claimed that the conveyance, although it appeared on its face to be an absolute deed, was .in fact a mortgage. Plaintiff was willing, and offered, to carry into effect the verbal agreement.

*W. J. Gex,* for appellant.

It is a universal rule of law that in an action of forcible entry and unlawful detainer title is not involved, merely the right of possession. *Loring* v. *Willis,* 4 How. (Miss.), 383; *Ragan* v. *Harrell,* 52 Miss., 818.

Defendant went into possession of the land under plaintiff, and the contract between the parties was not carried out simply because defendant repudiated it and refused to perform her obligations under it. *Newman* v. *Mackin,* 13 Smed. & M., 383.

*D. B. Seal,* for appellee.

[The brief of counsel for appellee did not reach the reporter.]

TRULY, J., delivered the opinion of the court.

In no view of the facts as contained in this record are we able to sustain the judgment. It is undenied that the appellee entered into possession of land, the record title to which is vested in the appellant, under a verbal agreement to pay a certain definite amount, in monthly payments, "in the nature of rent," and that, when the entire amount so agreed on was paid, the appellant was to execute to her a deed of conveyance of the property. We are not advised upon what theory of the law the decision of the trial judge was based; but whether this agreement be construed as establishing the relation of vendor and vendee under an executory contract or of landlord and tenant—in either event, appellee having failed to comply with her part of the agreement, the appellant had the legal right to terminate the forfeited contract and to have her dispossessed. Code 1892, § 4461, and cases there referred to; *Nobles* v. *McCarty,* 61 Miss., 456. In such contingency, unlawful entry and detainer was the proper action, and in that action only the right of possession is involved. The legal title to the property cannot be considered or adjudicated, nor can any secret equities which may exist between the parties be investigated or decided. The action is merely possessory in its nature. *Foote* v. *Dismukes,* 71 Miss., 112 (13 South. Rep., 879); *Loring* v. *Willis,* 4 How. (Miss.), 383. If, as appellee contends, the deed under which appellant obtained possession of the property was in truth intended merely to operate as a mortgage, she must seek relief by proper action in the proper forum.

*Reversed and remanded.*