E. J. LANDER & COMPANY, a Corporation, Respondent, v. JOHN W. DEEMY, Appellant.

(176 N. W. 922.)

**Justices of the peace — district court may take jurisdiction on general appeal without certification.**

1. Where an action of forcible detainer is brought into the district court by a general appeal from a judgment rendered by a justice of the peace, the district court has jurisdiction to try and determine the same even though the case is one which the justice of the peace should have certified to the district court under § 9055, Comp. Laws 1913.

46 N. D.—18.

**Vendor and purchaser — after cancelation of contract vendor may maintain forcible detainer.**

2. Where a contract for deed has been canceled by the service of notice as prescribed by §§ 8119–8122, Comp. Laws 1913, as amended by chapter 180, Laws 1915, the vendor may maintain an action of forcible detainer against the purchaser upon his refusal to surrender possession.

**Statutes — are presumed to operate prospectively only.**

3. Statutes are presumed to operate prospectively only. No part of Code of Civil Procedure of this state "is retroactive unless expressly so declared." Comp. Laws 1913, § 7320.

**Vendor and purchaser — statute extending redemption period after default of purchaser in contract for deed is prospective only.**

4. For reasons stated in the opinion it is *held* that the provision of chapter 151, Laws 1917, which extends the period of redemption of a defaulting vendee in a contract for deed for a period of five months applies only to contracts made after the law took effect, and is inapplicable to contracts made prior to that time.

Opinion filed February 24, 1920.

From a judgment of the District Court of Ward County, *Leighton,* J., defendant appeals.

Affirmed.

*W. H. Sibbald,* for appellant.

"Retrospective laws that violate no principle of natural justice, but that, on the contrary, are in furtherance of equity and good morals, are not unconstitutional because retrospective." Cuyahoga Falls Real Estate Asso. v. McCaughy, 2 Ohio St. 152.

The question of reasonable time is one primarily for the legislature to determine. The courts cannot fix a time different from that fixed by the legislature within which suits may be brought, nor, if the legislature fails to fix any time, can the courts supply the legislative lapse. 25 Cyc. 986; Craig v. Herzman, 9 N. D. 140; Merchants Nat. Bank v. Braithwaite, 7 N. D. 358.

The justice's court was without jurisdiction to try this case because the mere service of a notice does not, of itself, effect a cancelation of the contract, and until the contract is canceled the action will not lie. Comp. Laws 1913, § 9069, subd. 5.

Justice's court had no jurisdiction because the pleadings raised, in

good faith, an issue of ownership. Murray v. Burris, 6 Dak. 160, 42 N. W. 25; Hegar v. De Groat, 3 N. D. 354.

The district court had no jurisdiction where the justice's court had none, because the pleadings on which the judgment was entered were the pleadings of the justice's court. Vidger v. Nolin, 10 N. D. 351.

*Bradford & Nash* and *Murphy & Toner,* for respondent.

The statute in force at the time this contract for deed was entered into became a part of the contract, and therefore the right of the vendor to cancel the contract under that statute became a vested right prior to the taking effect of chapter 151 of the Session Laws of 1917. Mortgage Co. v. Board of Revenue, 81 Ala. 110, 1 So. 30; Von Schmidt v. Huntington, 1 Cal. 55; Ducey v. Patterson, 37 Colo. 216, 9 L.R.A. (N.S.) 1066, 86 Pac. 109; Lane's Appeal, 57 Conn. 182, 4 L.R.A. 45; McCarthy v. Habis, 23 Fla. 508, 2 So. 819; People v. Gage, 233 Ill. 477, 500, 84 N. E. 616; Rogers v. Rogers, 137 Ind. 151, 36 N. E. 895; Knoulton v. Rebendaugh, 40 Iowa, 114; Douglas County v. Woodward (Kan.) 84 Pac. 1028.

In every case of doubt the doubt must be resolved against the retrospective effect of such a statute. People v. Lour, 236 Ill. 608, 86 N. E. 577; Dyer v. Belfast, 88 Me. 140, 33 Atl. 790; Grander v. Milton, 9 Gill, 299, 52 Am. Dec. 694.

The appellant being merely and admittedly a tenant, the question of title was not in issue, and could not be brought in issue or litigated. Comp. Laws 1913, §§ 5343, 5344; Brown v. Persons, 48 Ga. 60; Blinn v. Robertson, 24 Cal. 127; Kendall v. Moore, 30 Me. 133; Hoffman v. Clark, 63 Mich. 175; Stansbury v. Taggert, 3 McLean, 457; Turner v. Thomas, 13 Bush, 518; McCauley v. Waller, 12 Cal. 500.

Christianson, Ch. J. In 1916 the defendant purchased of the plaintiff certain real property situated in the city of Kenmare in this state, and received a contract for deed therefor. Under the laws then in force it was provided that in case default is made in the terms or conditions of a contract for the future conveyance of real estate, and the owner or vendor desires to cancel the same, "he shall, within a reasonable time after such default, cause a written notice to be served upon the vendee, purchaser, or his assigns, stating that such default occurred, and that said contract will be canceled or terminated, and shall recite

in said notice the time when said cancelation or termination shall take effect, which shall not be less than thirty days after the service of such notice." Comp. Laws 1913, § 8120. And "such vendee, or purchaser, or his assigns, shall have thirty (30) days after the service of such notice upon him, in which to perform the conditions or comply with the provisions upon which the default shall have occurred, and upon such performance and upon making such payments, together with the costs of service of such notice, such contract or other instrument shall be reinstated and shall remain in full force and effect the same as if no default had occurred therein. If, however, such vendee, or purchaser, or his assigns, shall not complete such performance or make such payment within the thirty (30) days herein provided, then and in that event the contract shall be terminated and shall not be reinstated by any subsequent offer of performance or tender of payment. No provision in any contract for the purchase of land or an interest in land shall be construed to obviate the necessity of giving the aforesaid notice, and no contract shall terminate until such notice is given, any provision in such contract to the contrary notwithstanding." Section 8122, Comp. Laws 1913, as amended by chapter 180, Laws 1915.

Under the terms of the contract in controversy the defendant agreed to pay to the plaintiff $18.27 on February 15, 1916, and $15 per month thereafter on the 15th day of each month, commencing on the 15th day of March, 1916, with interest at the rate of 8 per cent per annum from January 25, 1916. Defendant also agreed to pay all taxes levied upon the premises for the year 1915 and subsequent years. The defendant failed to make the payments due on August 15, 1916, and on the 15th day of each and every month thereafter. He also failed to pay any of the taxes assessed and levied against the premises. The plaintiff thereupon prepared a notice of cancelation as prescribed by the above-quoted statute, and caused the same to be served on defendant on November 28, 1917. The notice stated the default which had occurred and the amount due upon the contract. It further stated that the plaintiff had elected to cancel and terminate the contract, and that such cancelation would take effect thirty days after the service of such notice upon the defendant. The defendant failed to make the payments, or in any manner cure the default existing in the terms of the contract, and on April 30, 1918, the plaintiff caused to be served upon the defendant a notice

to quit, in the form provided by § 9070, Comp. Laws 1913. The defendant having failed to surrender the premises, the plaintiff on May 20, 1918, commenced an action of forcible detainer in justice's court.

The plaintiff filed a written, verified complaint, wherein all the foregoing facts were fully averred. The defendant, in his answer, admitted the allegations of the complaint, but denied that the contract had been canceled, and averred that he was the owner of the land. These allegations were concededly based upon the contention that the notice of cancelation was insufficient for the reason that by virtue of chap. 151, Laws 1917, the time in which a purchaser or his assigns must be afforded an opportunity to comply with the conditions of the contract and cure the default had been extended to six months; and that inasmuch as the notice served in this case afforded only thirty days in which to cure the default it was of no effect. The trial in the justice's court resulted in a judgment in favor of the plaintiff. The defendant thereupon appealed from such judgment to the district court. In the notice of appeal it was specifically stated that it was "the intention of the plaintiff to appeal, as aforesaid, on questions of both law and fact and from the whole of said judgment, and a new trial is demanded in said district court." The trial in the district court resulted in findings and judgment in favor of the plaintiff, and the defendant has appealed from the judgment. No statement of case has been settled, and the case comes before this court upon the judgment roll proper. The trial court, in its findings, found all the facts heretofore stated.

Appellant contends:

(1). That the justice's court was without jurisdiction to try the case, because the pleadings raised the issue of ownership of the premises.

(2). That inasmuch as the justice's court had no jurisdiction, the district court had no jurisdiction, "because the pleadings on which the judgment was entered were the pleadings of the justice's court."

(3). That the mere service of the notice of cancelation did not cancel the contract, and that an action of forcible detainer does not lie until the contract is canceled.

(4). That in any event no sufficient notice of cancelation was served; i. e., that only thirty days' notice was given, while the law required six months' notice.

The propositions will be considered in the order stated.

(1, 2) It is true a justice of the peace has no jurisdiction to hear and determine a case wherein the boundaries of, or title to, real estate comes in question. Const. § 112. But the mere fact that such question is raised does not terminate the action or devest the justice of complete jurisdiction. Our statutes provide: "When such question arises upon a material issue joined . . . or . . . by controversy in the evidence as to a fact material to the determination of the issues in the action, the justice must discontinue the action and forthwith certify and transmit to the district court of his county all the pleadings and papers filed with him in such action. . . ." Comp. Laws 1913, § 9055. And "thereupon the district court shall have the same jurisdiction over such action as if it had been originally commenced therein. . ´. ." Comp. Laws 1913, § 9056.

It is difficult to see wherein the answer presented any real issue as to title. It admitted all the facts which formed the basis of the action. The denial of title, and argument of ownership, were merely legal conclusions based upon the contention that the notice of cancelation was insufficient. But even though it be conceded that the answer presented an issue of title,—such as would have made it the duty of the justice to certify the case to the district court,—it would by no means follow that the district court was without jurisdiction to try and determine the issues presented by the pleadings. The action was brought into that court by a general appeal, wherein defendant demanded a new trial of all questions of law and fact in the district court. The district court therefore became vested with the same jurisdiction over the action, and it became subject to trial therein in the same manner as though it had been originally commenced in that court. Comp. Laws 1913, § 9172. The appeal accomplished precisely the same purpose, so far as conferring jurisdiction upon the district court is concerned, that would have been accomplished in a proper case by certification by the justice. As was said by this court in Johnson v. Erickson, 14 N. D. 414, 105 N. W. 1104 (wherein it was held that the justice should have certified a case to the district court): "The same result has, however, been accomplished by the appeal, and the case has been transferred to the district court for trial. The district court would have acquired jurisdiction under a regular certificate by the filing of the papers, as

required by Rev. Codes 1899, § 6670. All this has been done under the appeal. . . . The purpose of the amended statute was to prevent dismissals, and to furnish an easy method of transfer of jurisdiction to the district court. We are of the opinion that when a justice has, by disregarding the statute, made it necessary to appeal, the district court acquires jurisdiction, and that it is error for the district court to refuse to entertain the action and to dismiss the appeal."

(3) Section 8122, Comp. Laws 1913, as amended by chapter 180, Laws 1915, clearly contemplates that a contract for the future conveyance of real estate may be canceled and terminated by the method therein prescribed. Not only does that seem to be a reasonable inference from the portion of the statute heretofore quoted, but such intent is also clearly evidenced by the following provision: "In all cases of cancelation by notice of any such contract which has been recorded in the office of the register of deeds, a copy of the notice of cancelation served upon the vendee together with an affidavit of service and an affidavit of vendor or his assigns that the default of the vendee under the terms of the contract were not cured within thirty days from the date of service of such notice, shall be recorded in the office of the register of deeds." Laws 1915, chap. 180.

Section 9069, Comp. Laws 1913, relating to actions of forcible detainer, provides that such action is maintainable, "when a party continues in possession . . . after the cancelation and termination of any contract for deed, bond for deed or other instrument for the future conveyance of real estate or equity therein." Comp. Laws 1913, § 9069, subd. 5.

Hence, we are of the opinion that an action of forcible detainer will lie where a contract for deed has been foreclosed in the manner provided by our statute. This view is in harmony with the opinions of other courts upon similar or kindred questions. See 39 Cyc. 1369; Monsen v. Stevens, 56 Ill. 335; Wilburn v. Haines, 53 Ill. 207; Jackson v. Warren, 32 Ill. 331; Leach v. Ritzke, 86 Ill. App. 483; Clark v. Bourgeois, 86 Miss. 1, 38 So. 187; Moak v. Bryant, 51 Miss. 560; McKissack v. Bullington, 37 Miss. 535; Kerns v. McKean, 65 Cal. 411, 4 Pac. 404; Gregg v. Von Phul, 1 Wall. 274, 17 L. ed. 536; Murphy v. McIntyre, 152 Mich. 591, 116 N. W. 197.

(4) It is conceded that plaintiff served a notice complying with the

provisions of § 8122, Comp. Laws 1913, as amended by chapter 180, Laws 1917, but defendant contends that such notice was insufficient. He invokes chapter 151, Laws 1917, which reads: "Such vendee, or purchaser, or his assigns shall have six months after the service of such notice upon him in which to perform the conditions or comply with the provisions upon which the default shall have occurred and upon such performance and upon making such payments, together with the cost of service of such notice, such contract or other instrument shall be reinstated and shall remain in full force and effect the same as if no default had occurred therein." In other words, defendant contends that he was entitled to six months in which to cure the default, instead of thirty days as provided in the notice.

To this contention plaintiff makes answer:

(1) That chapter 151, Laws 1917, was intended to apply to future contracts only, and that it was not intended to apply to contracts formerly made; and,

(2) That if the statute was intended to apply to contracts made prior to the enactment thereof, it is unconstitutional on the ground that it impairs the obligations of contracts.

By both the Federal and state Constitutions the legislature is forbidden to pass any "law impairing the obligation of contracts." U. S. Const. § 10, art. 1; N. D. Const. § 16. While it is true that, "in placing the obligation of contracts under the protection of the Constitution, its framers looked to the essentials of the contract more than to the forms and modes of proceeding by which it was to be carried into execution," and "left to the states to prescribe and shape the remedy to enforce it" (McCracken v. Hayward, 2 How. 608, 612, 11 L. ed. 397, 399), it is equally true that the legislature may not, under the guise of a statute relating to the remedy, change the substantial rights of the parties (12 C. J. 1067, 1068; 15 Am. & Eng. Enc. Law, pp. 1055, 1056; Blakemore v. Cooper, 15 N. D. 5, 4 L.R.A.(N.S.) 1074, 125 Am. St. Rep. 574, 106 N. W. 566; Cleveland v. United States, 93 C. C. A. 274, 166 Fed. 677). Under the constitutional inhibition against legislation impairing the obligation of contracts, it is immaterial whether the obligation of a contract is impaired by acting on the remedy or directly upon the contract. Impairment in either case is prohibited. 6 R. C. L. p. 356. And "it is a fundamental principle

of constitutional law in reference to the obligation of contract, that the laws in force at the time of making a contract, and the right to a remedy, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms, and that they likewise constitute a part of its obligations." 6 R. C. L. pp. 355, 356.

In his work on the Constitution, Story said: "It is perfectly clear that any law, which enlarges, abridges, or in any manner changes the intention of the parties, resulting from the stipulations in the contract, necessarily impairs it. The manner or degree in which this change is effected can in no respect influence the conclusions; for whether the law affect the validity, the construction, the duration, the discharge, or the evidence of the contract, it impairs its obligation, though it may not do so to the same extent in all the supposed cases. Any deviation from its terms by postponing or accelerating the period of performance which it prescribes, imposing conditions not expressed in the contract, or dispensing with the performance of those which are a part of the contract, however minute or apparently immaterial in their effect upon it, impairs its obligation." Story, Const. 5th ed. § 1385.

The Supreme Court of the United States has said:

"The obligation of a contract includes everything within its obligatory scope. Among these elements nothing is more important than the means of enforcement. This is the breath of its vital existence. . . . One of the tests that a contract has been impaired is that its value has by legislation been diminished. It is not by the Constitution to be impaired at all. This is not a question of degree or manner or cause; but of encroaching in any respect on its obligation,—dispensing with any part of its force. Planters' Bank v. Sharp, 6 How. 301, 12 L. ed. 447. The remedy subsisting in a state when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of the state which so effects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and is, therefore, void." Edwards v. Kearzey, 96 U. S. 595, 24 L. ed. 793.

"It is also settled that the laws which subsist at the time and place of the making of a contract . . . . enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. This principle embraces alike those which affect its validity, construction, discharge, and enforcement. . . . It is competent for the

states to change the form of remedy, or to modify it otherwise as they may see fit, provided no substantial right secured by the contract is thereby impaired. No attempt has been made to fix definitely the line between alterations of the remedy, which are to be deemed legitimate, and those which, under the form of modifying the remedy, impair substantial rights. Every case must be determined upon its own circumstances. Whenever the result last mentioned is produced, the act is within the prohibition of the Constitution, and to that extent void." Von Hoffman v. Quincy, 4 Wall. 535, 18 L. ed. 403.

"The obligation of a contract, in the constitutional sense, is the means provided by law by which it can be enforced; by which the parties can be obliged to perform it. Whatever legislation lessens the efficacy of these means impairs the obligation. If it tends to postpone or retard the enforcement of the contract, the obligation of the latter is, to that extent, weakened. The Latin proverb, *qui cito dat bis dat,* he who gives quickly gives twice, has its counterpart in a maxim equally sound, *qui serius solvit, minus solvit,* he who pays too late pays less. Any authorization of the postponement of payment or of means by which such postponement may be effected is in conflict with the Constitutional inhibition." Louisiana v. New Orleans, 102 U. S. 205, 206, 207, 26 L. ed. 132, 133.

In applying these rules the Supreme Court of the United States has held that the law in force at the time a mortgage is executed, with all the conditions and limitations it imposes, is the law which determines the force and effect of a mortgage; and hence that changes in the laws imposing conditions and restrictions on a mortgagee in the enforcement of his right, and which affect its substance, are invalid as impairing the obligation, and cannot prevail. Von Hoffman v. Quincy, supra; Bronson v. Kinzie, 1 How. 311, 11 L. ed. 143; Brine v. Hartford F. Ins. Co. 96 U. S. 627, 24 L. ed. 858; Barnitz v. Beverly, 163 U. S. 118, 41 L. ed. 93, 16 Sup. Ct. Rep. 1042; Bradley v. Lightcap, 195 U. S. 1, 49 L. ed. 65, 24 Sup. Ct. Rep. 748. It has also held that a statute which extends the period of redemption, or gives a right of redemption, where no such right previously existed, impairs the obligation of mortgage contracts executed before its enactment. Barnitz v. Beverly, 163 U. S. 118, 41 L. ed. 93, 16 Sup. Ct. Rep. 1042; Howard v. Bugbee, 24 How. 461, 16 L. ed. 753; Gantly v. Ewing, 3 How. 707, 11 L. ed. 794;

Bronson v. Kinzie, 1 How. 311, 11 L. ed. 143; Bradley v. Lightcap, supra. See also Hollister v. Donahue, 11 S. D. 497, 78 N. W. 959; Paris v. Nordburg, 6 Kan. App. 200, 51 Pac. 799; Muller v. McCain, 50 Okla. 710, 151 Pac. 621; Solis v. Williams, 205 Mass. 350, 91 N. E. 148. Other courts have held that a statute which alters the rights of the mortgagor and mortgagee as regards the rents and profits, or possession of the premises, during the period of redemption, cannot constitutionally be applied to foreclosures of mortgages executed before its enactment. Travellers Ins. Co. v. Brouse, 83 Ind. 62; Blackwood v. Van Vleet, 11 Mich. 252; Mundy v. Monroe, 1 Mich. 68; Canadian & A. Mortg. & T. Co. v. Blake, 24 Wash. 102, 85 Am. St. Rep. 946, 63 Pac. 1100.

In Bradley v. Lightcap, supra, the court said: "Confessedly subsequent laws, which in their operation amount to the denial of rights accruing by a prior contract, are obnoxious to constitutional objections.

In Bronson v. Kinzie, 1 How. 311, 11 L. ed. 143, the statute objected to gave the mortgagor twelve months to redeem after the sale, and Mr. Chief Justice Taney said: "It declares that, although the mortgaged premises should be sold under the decree of the court of chancery, yet that the equitable estate of the mortgagor shall not be extinguished, but shall continue for twelve months after the sale; and it moreover gives a new and like estate, which before had no existence, to the judgment creditor, to continue for fifteen months. If such rights may be added to the original contract by subsequent legislation, it would be difficult to say at what point they must stop. . . . Any such modification of a contract by subsequent legislation, against the consent of one of the parties, unquestionably impairs its obligations; and is prohibited by the Constitution."

In Barnitz v. Beverly, 163 U. S. 118, 41 L. ed. 93, 16 Sup. Ct. Rep. 1042, it was held that a state statute which authorized redemption of property sold in foreclosure of a mortgage where no such right previously existed, or extended the period of redemption beyond the time previously allowed, could not apply to a sale under a mortgage executed before its passage; and Mr. Justice Shiras, referring to Brine v. Hartford F. Ins. Co. 96 U. S. 627, 637, 24 L. ed. 858, 862, said:

"But this court held, through Mr. Justice Miller, that all the laws of a state existing at the time a mortgage or any other contract is made,

which affect the rights of the parties to the contract, enter into and be-
come a part of it, and are obligatory on all courts which assume to give
a. remedy on such contracts, . . . that it is therefore said that these
laws enter into and become a part of the contract," and that " 'the rem-
edy subsisting in a state when and where a contract is made and is to
be performed is a part of its obligation.' "

Let us apply the foregoing principles to the facts in this case. The
contract in this case expressly provided that "in case of the failure of
the said party of the second part (defendant) to make either of the
payments or perform any of the agreements on his part hereby made
and entered into, this contract shall at the option of the party of the
first part (plaintiff) be forfeited and terminated. . . . And fur-
ther it is mutually agreed by and between the parties aforesaid that
*time* shall be the essence of this contract." Under the laws in force at
the time the contract was made, it could not be canceled except upon the
service of a written notice reciting the default and affording the pur-
chaser a thirty-day period in which to cure such default. Both the
vendor and the vendee contracted with reference to such statute, and
its provisions in effect entered into and became a part of the con-
tract. The purchaser knew that even in case of default the con-
tract could not be terminated and his rights forfeited summarily,—the
vendor must either maintain an action or he must pursue the method
provided by the statute. In either case it was the policy of the law to
afford the vendee the time specified in the statute in which to cure his
default. Raad v. Grant, 43 N. D. 546, 169 N. W. 588. The vendor,
on the other hand, knew that in case of default on the part of the pur-
chaser he might cancel the contract by service of notice as provided by
the statute, and in such case the purchaser would be required to cure
the default; *i. e.,* redeem within the thirty-day period. Under the new
law (Laws 1917, chap. 151) the vendor is required to give, and the pur-
chaser is entitled to have, a six-month period in which to cure the
default. There is no room for doubt as to what the legislature intend-
ed. It was clearly the intention to give the purchaser a right which he
did not possess under the then existing law. That is, the legislature
intended to give a defaulting purchaser six months, instead of thirty
days, in which to cure his default. The result is that if the new law
is applicable to contracts executed before its enactment it would have the

effect of extending the purchaser's right of redemption, and his right to remain in possession of the premises for a period of five months. In fact the contract rights of the purchaser would be continued for five months after they would have ceased to exist under the provisions of the contract as made.

Did the legislature intend this provision of chap. 151, Laws 1917, to apply to contracts formerly executed? We think not. We believe that the legislature intended that this provision should apply only to, and in effect become a part of, contracts made after the law became effective. Chapter 151, Laws 1917, by its terms amends § 8122, Comp. Laws 1913, and repeals all acts and parts of acts in conflict therewith. Section 8122 is—and of course chapter 151, became—a part of the Code of Civil Procedure. By the express words of our statutes, no part of the Code of Civil Procedure "is retroactive unless expressly so declared." Comp. Laws 1913, § 7320. The statute just quoted is merely a declaration of a well-recognized general rule of construction. For it is well settled "that statutes will be construed to operate prospectively only, unless an intent to the contrary clearly appears. It is said 'that a law will not be given a retrospective operation, unless that intention has been manifested by the most clear and unequivocal expression.' And in another case: 'The rule is that statutes are prospective, and will not be construed to have retroactive operation unless the language employed in the enactment is so clear it will admit of no other construction.' The rule is supported by numerous cases. The rule is especially applicable where the statute, if given a retrospective operation, would be invalid, as impairing the obligation of contracts or interfering with vested rights. The principle that all statutes are to be so construed, if possible, as to be valid, requires that a statute shall never be given a retrospective operation, when to do so would render it unconstitutional, and the words of the statute admit of any other construction. It is always presumed that statutes were intended to operate prospectively, and all doubts are resolved in favor of such a construction." Lewis's Sutherland, Stat. Constr. 2d ed. § 642. See also 6 R. C. L. p. 78.

The supreme court of Minnesota says: "It is a well-settled rule that laws are not to be construed retrospectively or to have a retrospective effect, unless it shall clearly appear that it was so intended by the

enacting body, and unless such construction is absolutely necessary to give meaning to the language used." Brown v. Hughes, 89 Minn. 150, 153, 94 N. W. 438. See also Adams & F. Co. v. Kenoyer, 17 N. D. 302, 308, 16 L.R.A.(N.S.) 681, 116 N. W. 98; Blakemore v. Cooper, 15 N. D. 5, 19, 4 L.R.A.(N.S.) 1074, 125 Am. St. Rep. 574, 106 N. W. 566; 8 Cyc. 731; 12 C. J. 721; 6 R. C. L. p. 78.

It follows from what has been said that the judgment appealed from must be affirmed. It is so ordered.

BIRDZELL, J., concurs.

BRONSON, J. I concur in the opinion of the Chief Justice.

The main legal question presented upon this appeal is whether chap. 151, N. D. Laws 1917, or § 8122, Comp. Laws 1913, applies to the foreclosure of the land contract involved.

Chapter 151, Laws 1917, which became effective as a law on July 1, 1917, provides for a period of six months after service of a notice of cancelation within which the vendee may redeem from the default or otherwise perform.

Section 8122, Comp. Laws 1913, provides only for a period of thirty days within which such redemption or performance may be had.

The land contract involved was made January 25, 1916. The notice of cancelation thereof was served November 28, 1917.

The defendant did not redeem or otherwise perform within the thirty-day period provided in § 8122, Comp. Laws 1913; the plaintiff predicates his title and right of possession to the land concerned by reason of compliance with the provisions of said § 8122, and the failure of the defendant to redeem under the terms thereof.

Chapter 151, Laws 1917, specifically provides that no provisions in any contract shall be construed to obviate the necessity of the notice of cancelation required (6 mos.), and that no contract shall terminate unless such notice be given, regardless of any provisions in the contract to the contrary.

The prime question involved therefore is,—

Does this act, *concerning this period of redemption,* apply *retroactively,* or *prospectively,* to any land contract then existing, or to any causes of action existing thereupon?

It is well recognized that statutes are presumed to be prospective, not retroactive, in their operation and application unless there be a clear, legislative intent expressed to the contrary. Adams & F. Co. v. Kenoyer, 17 N. D. 302, 308, 16 L.R.A.(N.S.) 681, 116 N. W. 98; Blakemore v. Cooper, 15 N. D. 5, 4 L.R.A.(N.S.) 1074, 125 Am. St. Rep. 574, 106 N. W. 566; Lewis's Sutherland, Stat. Constr. 2d ed. § 641; 8 Cyc. 731; 12 C. J. 721.

Chapter 151, Laws 1917, specifically amends § 8122, Comp. Laws 1913: By its terms, it repeals acts and parts of acts in conflict therewith. By the amendment of § 8122, such chapter 151 became a part of the Code of Civil Procedure. In this Code it is specifically provided (Comp. Laws 1913, § 7321) that no part of it is retroactive unless expressly so declared. See Blakemore v. Cooper, 15 N. D. 5, 19, 4 L.R.A.(N.S.) 1074, 125 Am. St. Rep. 574, 106 N. W. 566.

To the contention that this statute may be considered prospective and applicable to the right of redemption involved herein, upon the ground that such statutory period is merely remedial, and therefore that the statute is applicable, the answer is, that, concerning such period of redemption, the right to redeem or to compel redemption is more than remedial. It is a right connected with the contract, that may substantially impair or lessen its value. See Yeatman v. King, 2 N. D. 421, 424; 33 Am. St. Rep. 797, 51 N. W. 721; Fisher v. Bettz, 12 N. D. 197, 207, 96 N. W. 132; Blakemore v. Cooper, 15 N. D. 5, 17, 4 L.R.A. (N.S.) 1074, 125 Am. St. Rep. 574, 106 N. W. 566; Edwards v. Kearzey, 96 U. S. 595, 24 L. ed. 793; Wilder v. Campbell, 4 Idaho, 695, 43 Pac. 677; Goenen v. Schroeder, 8 Minn. 387, Gil. 344; O'Brien v. Krenz, 36 Minn. 136, 30 N. W. 458; Cargill v. Power, 1 Mich. 365. The question is not, whether a reasonable time has been afforded the parties within which to make or compel redemption, but, whether the statute, as applied concerning this period, would retroactively effect the right of either party to make or compel redemption in accordance with the contract and existing law at the time the same is made.

Under plain rules of construction, therefore, the usual presumption obtains that, this statute, being prospective in its operation with respect to the period of redemption, is not applicable.

The judgment should be affirmed.

GRACE, J. (dissenting). The material facts in the case are as follows: The plaintiff sold defendant lot No. 7 of block No. 7 of Tolley's flat to Kenmare, North Dakota. The terms of the sale were expressed in a written contract for deed, signed by both parties. The purchase price was $868.27, payable, $18.27 on February 15, 1916; $15 on or before March 15; and $15 on or before the 15th of each and every month thereafter until the whole sum was paid. The whole sum remaining due from time to time bore interest at the rate of 8 per cent per annum, payable on the 15th day of February, 1916, and on the 15th day of each and every month thereafter.

The vendee further agreed to pay the taxes and special assessments due at the time of the contract or to become due, commencing with the year 1915. He defaulted in the payment of the sum due August 15, 1916, and the payment due on the 15th day of each and every month thereafter, and failed to pay the 1915 and 1916 taxes and the interest of the principal sum.

Plaintiff served a notice of the cancelation of the contract upon the defendant on the 28th day of November, 1917. It set forth the terms of the contract, the description of the lot, the default which had occurred in the contract, and the cancelation of the contract thirty days after the service of the notice. It does not appear that any payments were made after the service of the notice of cancelation by means of which the contract would be reinstated, and we assume there were none.

On the 30th day of April, the plaintiff served a notice upon the defendant, requiring him to remove from and vacate the premises in question within three days after the service of the notice upon him. The defendant did not remove from the premises.

On the 20th day of May, 1918, by a summons issued out of the justice court of John Lynch, J. P., the plaintiff commenced an action of unlawful detainer against the defendant. An affidavit of prejudice was filed against justice of the peace Lynch, and a change of venue demanded, which was granted, and the venue changed and transferred to the justice court of C. B. Davis.

Plaintiff filed proper written complaint in the action, setting forth the contract, its terms, the default, notice of cancelation, the notice to vacate and remove from the premises, and the failure of defendant to

remove therefrom, and claimed the right of possession and restitution of the premises.

The case came on for trial in the justice court, C. B. Davis, J. P., presiding. The defendant then objected to the jurisdiction of the court to hear and determine the action, upon the grounds that the pleading showed defendant owns the premises in question, that the alleged cancelation of contract was insufficient and illegal, that the title to the premises is at issue, and demanded that the action be transferred to the district court. The motion was denied. The defendant then interposed an answer, in which he admits the allegations of the complaint, but especially denies that the contract has been canceled in any manner whatsoever, or that any other person, except himself, is the owner of the land, and specifically alleges that he is the owner of the land described in the complaint.

Judgment was entered in the justice court on the 12th day of June, 1918, in favor of plaintiff, from which the defendant appealed to the district court in Ward county, where the case was retried, and on the 24th day of March, 1919, a similar judgment was entered in plaintiff's favor, awarding it the possession and restitution of the premises and its costs and disbursements.

From this judgment, the defendant has appealed to this court. The only error specified is that the court erred in ordering the entry of judgment herein.

One of the principal questions presented in the case is the sufficiency and legality of the notice of cancelation. It is one drawn and served in accordance with the provisions of § 8122, Comp. Laws 1913, as amended by chapter 180 of the Laws of 1915.

Under the above section as amended, the cancelation becomes effective thirty days after the notice of cancelation is served upon the defaulting vendee. The fifteenth legislative assembly passed an act which became effective July 1, 1917, entitled "Redemption Land Contract." This act is similar in language to chapter 180 of the Laws of 1915, which amended § 8122, with the single exception that it allows the vendee six months after the service of the notice of cancelation upon him, in which to perform the conditions or provisions of the contract upon which the default occurred, and upon such performance provides

46 N. D.—19.

for the reinstatement of the contract or other instrument, and provides that it shall remain in full force and effect the same as if no default had occurred.

The contract in question was executed, and was in force and effect prior to the act which became effective July 1, 1917, and the question presented for our consideration is, Which statute is applicable to the contract in question? The notice of cancelation having been served since the latest act became effective, should the notice have provided the contract would be canceled within six months after the service of the notice of cancelation upon the defendant in accordance with the terms of that law, or was it sufficient to give but thirty days' notice of the cancelation as required by the amended Act of 1915?

We are of the opinion that the notice of cancelation should have been in accordance with the provisions of the law which became effective July 1, 1917.

The statutes under consideration, though they have no reference to actions or the time in which actions must be brought are nevertheless in the nature of statutes of limitations. Under either statute a period of time is specified after the service of the notice of cancelation, at the expiration of which, the cancelation becomes effective. In the 1915 Law, that period was thirty days; in the 1917 Law, it is six months.

That the legislature had authority to lengthen the time when cancelation should become effective, after the service of the notice, from a period of thirty days to a period of six months, there is not the least doubt, and, in doing so, the legislature would not impair any right of the respondent.

Statutes of limitation are constitutional, and do not impair the obligation of contracts, provided reasonable time is given within which to commence actions before the act takes effect. Hawkins v. Barney, 5 Pet. 457, 8 L. ed. 190; Wheeler v. Jackson, 137 U. S. 245, 34 L. ed. 659, 11 Sup. Ct. Rep. 76; Turner v. New York, 168 U. S. 90, 42 L. ed. 392, 18 Sup. Ct. Rep. 38; McCracken v. Hayward, 2 How. 608, 11 L. ed. 397.

The remedy upon a contract may be altered at will, by the state legislature, so long as reasonable provision for its enforcement is made. Antoni v. Greenhow, 107 U. S. 769, 27 L. ed. 468, 2 Sup. Ct. Rep. 91.

The legislature of a state may modify existing remedies, and even

substitute others without impairing the obligation of the contract, if a sufficient remedy be left, or another sufficient one be provided. Memphis v. United States, 97 U. S. 293, 24 L. ed. 920.

The existing remedy for the breach of the obligation of the contract may be changed without violating the contract clause of the Federal Constitution, so long as a substantial and efficacious remedy remains, even though the contract, so far as pertains to its obligation, may be of statutory origin. National Surety Co. v. Architectural Decorating Co. 226 U. S. 276, 57 L. ed. 221, 33 Sup. Ct. Rep. 17.

As we view the matter, chapter 151 of the Session Laws of 1917, in no manner contravenes § 10 of article 1 of the Federal Constitution.

The respondent maintains that the 1915 Law being in force at the time of the making of the contract, it became a part of it, and that, as a matter of right, he should be permitted to cancel the contract under the terms of that law.

As we view the matter, the respondent is confusing the subject of right with that of a procedural remedy.

Conceding that the procedural remedy to cancel the contract upon default by operation of law becomes a part of the contract, in the sense that, when a default has occurred, the procedural remedy, by cancelation, becomes operative, in this class of contracts, the procedural remedy which was effective at the time of the making of the contract is not necessarily the one which should be invoked when such default occurs, and it is desired to cancel the contract by reason thereof.

The procedural remedy which provides for the cancelation of a contract upon a default in its terms is, under any circumstances, harsh, and in the interest of justice should be liberally construed.

The law which fixed the time for the cancelation of the contract at thirty days after default and service of notice thereof does not confer a vested right in this class of contracts other than that the procedural remedy which is effective when such default occurs may be considered as within the contemplation of the contract. It should not be forgotten that the alleged right of cancelation of contract in this manner is neither an action nor a proceeding at law. Neither is it a contract right in the sense that it confers a vested right. It is an arbitrary method only for the cancelation of the contract.

As it appears to us, no contract right of the plaintiff is impaired.

If there is a right impaired at all, it is that of the defendant. At the time the defendant entered into the contract, and afterward, he had a legal and equitable vested claim to the property in question, which, except for the law we are considering, could be terminated only by an action in a court of equity. It is very questionable whether an arbitrary law, which defeats defendant's right to have his rights determined in court, can be of any force or validity. A law which provides merely for a notice from the creditor to the debtor that, if he does not pay the amount due upon the contract within thirty days, he, the creditor (and not a court) will cancel and terminate the contract.

The creditor, if he has this right, by a mere notice terminates and disposes of all the vendee's rights in the contract, though the defendant has a vested right in the property, which is the subject of the contract, and also has a further right to have his rights therein determined by a court of competent jurisdiction and power.

The arbitrary cancelation of the contract upon notice is a law which, in its terms and operation, is almost wholly for the benefit of the creditor, and takes but little note of the rights of the debtor. It is a law which enables rapacious creditors, by a mere notice, to confiscate the equity of the vendee in the land. If valid at all, it should receive a most liberal construction, and where such a law is amended, as in the present case, to grant the debtor a longer period of time within which to make payment after such notice of cancelation is served, it amounts to no more than giving the debtor part of the right which he otherwise possesses; that is, the right of having the contract canceled by a decree of a court of equity.

Assume that A owned 320 acres of land and sold it to B for an agreed price of $20,000, payable $1,000 at the date of the contract, and $1,000 on the 1st day of December each year thereafter, until the whole amount was paid.

Assume further that B had, each year, made his payment until he had paid $19,000 upon the contract; that he defaulted in the payment of the twentieth payment, or the last $1,000. Does it seem just and equitable that B should, upon a thirty-day notice of cancelation from the creditor, have all his admittedly vested rights and interests in the land completely wiped out by this mere notice of cancelation?

If B's rights may be thus terminated, is it done by due process of

law? It is not enough to say that B, after the service of a notice of cancelation upon him, could have resorted to a court of equity to protect his rights; that is not the question. It is, whether B's rights may be thus impaired, and valuable and vested rights taken from him without resort first having been had to a court of justice, where B, as well as A, would have his day in court, and where the court, under all the facts, circumstances, and equities of the case, could decree in equity what B should do to make good his default, and how much time he should have in which to do it. It is not necessary to the decision of this case to decide any question, only which of two laws is applicable to this case.

We think the law, which became effective July 1, 1917, was the one under the provisions of which the plaintiff should have served his notice of cancelation. That law is reasonable in its terms; it protects every interest of the plaintiff. It, in fact, takes no right away from him. It is no different from a similar preceding law, to which we have referred, except that it gives the debtor a little more time in which to make good his default. It should, we believe, apply to the cancelation of all contracts where cancelation is sought to be effected, after the time the law became operative.

We are of the opinion that the notice of cancelation, under consideration in this case, is bad, as not having been served in compliance with the provisions of the law in question, which became effective July 1, 1917.

ROBINSON, J. I concur in the opinion as written by Mr. Justice Grace. The plaintiff commenced this action in justice court to dispossess the defendant of certain land which he holds under a contract of purchase. The pleadings raise a question of title to real estate and hence the justice had not jurisdiction. Const. § 112. A purchaser of land, in default, does not become a tenant, and he may not be dispossessed in a summary manner the same as a tenant holding over. The defendant having failed to make payment in accordance with the terms of the land contract, the plaintiff served on him a written notice to terminate the contract in thirty days. The notice is under the Laws of 1915, chap. 180, and not under Laws of 1917, chap. 151, which provides for a notice of six months. It is insisted that the latter stat-

ute cannot apply to contracts made prior to its passage without impair-
ing the obligation of contracts; but each statute contains the provision
that the notice thereby required shall not be necessary when the con-
tract is sought to be terminated by an action at law or in equity. And
the rule of law is that, while the legislature may not withdraw all rem-
edies, yet a particular remedy existing at the time of the making of
the contract may be abrogated altogether without impairing the obli-
gation of the contract, if another and adequate remedy for its enforce-
ment remains. 6 R. C. L. § 354. "This is the rule, even though the
remaining remedies be less convenient than that which was abolished."
Obviously the statutory procedure to foreclose a land contract is at best
a half-way remedy. It does not give possession of the land without a
suit in which the court may always protect the rights and equities of
the purchaser, regardless of any notice. Every person is entitled to a
remedy by due process of law for all wrongs that may be done him
in his person or property. And, aside from due process of law, no per-
son has a constitutional right to any statutory remedy. The statutes
in question are not unconstitutional, because they do not devest any
party of a legal or equitable right, or preclude him from contesting
his rights in the courts. If a party does not like the statute, he may
disregard it. He does not have to seek its benefits. He has his rem-
edy by due process of law.