357 N.W.2d 492 (1984)
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF GRAND FORKS AND MINOT, a corporation, formerly known as First Federal Savings and Loan Association of Grand Forks and Grafton, Plaintiff and Appellant,
v.
Gerald E. HALEY and Norma C. Haley, husband and wife; Golden Pine Service Corporation, Inc., a corporation; United Accounts, Inc.; Credit Management, Inc., d/b/a Collection Bureau of Greater Grand Forks; Lunseth Plumbing and Heating Co., Inc.; County of Grand Forks; St. Paul Fire and Marine Insurance Company; and All other persons unknown claiming any estate or interest in or lien or encumbrance upon the real property described in the Complaint, Defendants and Appellees.
Civ. No. 10589.
Supreme Court of North Dakota.
November 28, 1984.
*493 Lael L. Schmidt, Grand Forks (under Temporary Practice of Law School Graduates Rule), and Steven J. Running and Robert A. Alphson (appearance), Grand Forks, for plaintiff and appellant.
No briefs filed and no appearances on behalf of defendants and appellees.
VANDE WALLE, Justice.
First Federal Savings and Loan Association of Grand Forks and Minot[1] appealed from the judgment of the district court granting to First Federal foreclosure on certain real property, but providing that the six-month redemption period ran from the date of the sheriff's sale. We affirm.
In 1979, Gerald E. Haley and Norma C. Haley executed a promissory note and mortgage in favor of First Federal on certain real property situated in Grand Forks. By its terms the mortgage was to be governed by the Short-Term Mortgage Redemption Act, Chapter 32-19.1, N.D.C.C. The Haleys subsequently defaulted on the note, and First Federal served a notice before foreclosure on all record title holders. The Haleys failed to cure the default within the requisite time, and First Federal commenced this action to foreclose the mortgage.
The defendants did not answer or make an appearance, and First Federal moved for entry of a default judgment. First Federal alleged that under Section 32-19.1-04.1, N.D.C.C., the six-month period of redemption should have commenced on the date the summons and complaint were filed. The district court held that because the mortgage was executed prior to the effective date of Section 32-19.1-04.1, N.D. C.C., the period of redemption was governed by the law in effect at the time the mortgage was executed. The sole question presented on appeal is whether or not Section 32-19.1-04.1, N.D.C.C., which changes the date on which the redemption period begins to run, may be applied to mortgages executed prior to July 1, 1981, the effective date of the statute.
Section 32-19.1-04.1, N.D.C.C., provides:

"32-19.1-04.1. Redemption period to commence upon filing of summons and complaint. In the event of foreclosure under this chapter, the period of redemption will commence to run at the time of the filing of the summons and complaint in the office of the clerk of the district court, unless it is determined by the district court that the mortgagee is not entitled to judgment, and in no event will the final date for redemption be earlier than sixty days after the sheriff's sale."
Prior to passage of that statute in 1981, the redemption period under the Short-Term Mortgage Redemption Act was governed by Sections 32-19.1-04 and 28-24-02, N.D.C.C.:

"32-19.1-04. Redemption period under chapter.All real property sold as provided in section 32-19-08 upon foreclosure of a mortgage executed pursuant to this chapter may be redeemed within the time period specified in this chapter and in such manner as is prescribed by chapter 28-24. The period for redemption under this chapter shall be as follows:
"1. If the amount claimed due upon such mortgage at the date of the notice before foreclosure is more than sixty-six and two-thirds percent of the original indebtedness secured by the mortgage, the redemption period shall be six months.
"2. In any other case, the redemption period shall be one year."
"28-24-02. Payment on and period of redemption. The judgment debtor or *494 redemptioner may redeem the property from the purchaser within one year (six months in redemptions under subsection 1 of section 32-10.1-04) after the sale on paying the purchaser the amount of the purchase with interest at the rate provided in the original instrument on which the judgment is based, plus the amount of any insurance premiums, assessments, taxes, utilities, or other items paid by the purchaser in protection of the title or the premises, which the purchaser may have paid after the purchase, and interest at the same rate on that amount, and, if the purchaser is also a creditor having a lien superior to that of the redemptioner other than the judgment under which the purchase was made, the amount of that lien with interest."[2]
Thus, under the pre-1981 law, the period of redemption ran from the date of the sheriff's sale. Under Section 32-19.1-04.1, the period of redemption now runs from the date of filing of the summons and complaint.
First Federal has spun an intricate web of legal technicalities to support its argument that application of the 1981 statute to the mortgage in this case would not violate the rights of the Haleys or conflict with prior cases of this court. First Federal's argument, however, is based upon the faulty premise that Section 32-19.1-04.1, N.D.C.C., did not shorten the period of redemption but merely changed the date at which the period of redemption begins.
Both the Constitution of the United States and the Constitution of the State of North Dakota prohibit passage of any law impairing the obligations of contracts. U.S. CONST. Art. I, § 10; N.D. CONST. Art. I, § 18. This court has held that "a statute which, after the mortgage has been executed, cuts off the mortgagor's right of redemption, or shortens the period of redemption, is a law which impairs the obligation of a contract as completely and extensively as does a law which extends the period of redemption." State ex rel. Cleveringa v. Klein, 63 N.D. 514, 521, 249 N.W. 118, 122 (1933); see also E.J. Lander & Co. v. Deemy, 46 N.D. 273, 176 N.W. 922 (1920). The Supreme Court of the United States also has held that statutes which alter or modify the redemption period cannot be constitutionally applied to mortgages executed prior to the effective date of the statute. Bradley v. Lightcap, 195 U.S. 1, 24 S.Ct. 748, 49 L.Ed. 65 (1904); Barnitz v. Beverly, 163 U.S. 118, 16 S.Ct. 1042, 41 L.Ed. 93 (1896).
In E.J. Lander & Co. v. Deemy, supra, 46 N.D. at 280, 176 N.W. at 924, this court, although noting that the constitutional provision looks to the substantive provisions of the contract more than the methods of carrying it into execution and the remedies available to enforce it, stated that "the Legislature may not, under the guise of a statute relating to the remedy, change the substantial rights of the parties." If we were to accept the arguments of First Federal and apply the statute to mortgages executed prior to July 1, 1981, substantial rights of the parties would clearly be affected.
It is obvious that Section 32-19.1-04.1, by changing the date upon which the redemption period begins to run, shortens the redemption period as effectively as if the Legislature had prescribed a shorter duration of time for it to run. First Federal argues that the period of redemption, both before and after the 1981 enactment, is six months. Such an argument overlooks the fact that in every case in which Section 32-19.1-04.1 is applied, the redemption period will expire sooner than if the pre-1981 law had been applied. The only instance in which the period would not expire sooner is when the sheriff's sale is held the same day that the summons and complaint are filed. Because the sheriff's sale necessarily occurs after the filing of the summons and complaint, the redemption period will, in *495 every case, expire sooner under Section 32-19.1-04.1.
We conclude that Section 32-19.1-04.1, N.D.C.C., shortens the period of redemption. It therefore cannot be constitutionally applied to mortgages executed prior to its effective date.
The judgment of the district court is affirmed. Because the appellees failed to file briefs or otherwise appear, no costs will be allowed on appeal.
ERICKSTAD, C.J., and PEDERSON, GIERKE and SAND, JJ., concur.
NOTES
[1] We are informed that after this action was commenced First Federal merged with Midwest Federal Savings Bank.
[2] The reference in Section 28-24-02, N.D.C.C., should be to subsection 1 of Section 32-19.1-04, N.D.C.C.